The plaintiff has appealed and the defendant has cross appealed from a judgment of the trial court granting the defendant's motion to dismiss the plaintiff's appeal from a decision of a hearing board appointed by the defendant.
The facts are not in dispute. In June, 1980, Alan Piorkowski of New Britain was placed by his parents in Elan-Pinehenge School, a residential education and psychiatric center in Maine. At the time of his placement, the plaintiff agreed to pay the cost of tuition at the school. In December, 1980, Alan's parents requested a hearing from the Connecticut state department of education to determine whether the plaintiff was liable as well for the other expenses of Alan's placement at the school. In response to this request, and pursuant to General Statutes 10-76h (c),[1] the defendant *Page 714 
appointed a hearing board consisting of one hearing officer. Following a hearing, the board rendered its decision on July 8, 1981, wherein it concluded that Alan's placement at Elan-Pinehenge on June 26, 1980, was for educational reasons and, therefore, the plaintiff was responsible for the full costs of his placement from that date.[2]
The plaintiff appealed from that decision to the Superior Court pursuant to General Statutes 10-76h
(e) and 4-183. The citation attached to the complaint commanded the sheriff to summon the defendant. It did not, however, command him to serve Alan Piorkowski and his parents. Moreover, the original complaint made no reference to the defendant board but rather, referred solely to the state department of education. Service was made upon the defendant by leaving a copy of the petition at the office of the Attorney General. Although they were not cited, the sheriff served the Piorkowskis by leaving copies of the petition at their usual place of abode.
The state department of education filed a motion to dismiss on October 14, 1981, which it amended on December 23. Also on October 14, the plaintiff filed an amendment to its administrative appeal wherein it included a citation to the Piorkowskis and named the defendant in the body of the complaint. Thereafter, on December 23, the defendant filed a motion to dismiss in which it claimed, inter alia, that the court lacked jurisdiction for the following reasons: (1) the plaintiff failed to allege aggrievement by the decision of the hearing board; (2) the original petition lacks a citation to serve Alan Piorkowski and his parents; and (3) the plaintiff failed to serve a copy of its petition on the hearing officer. *Page 715 
On May 14, 1982, the court granted the state department of education's motion to dismiss based on inadequate service of process. No appeal was taken from that portion of the judgment. The court further found that the plaintiff adequately alleged the basis of its aggrievement by the decision of the hearing board. It concluded, however, that the plaintiff was required under4-183 (b) to serve the hearing officer of the defendant and that the lack of a citation to serve the Piorkowskis in the original petition was a jurisdictional defect which could not be cured by amendment. For those reasons, it granted the defendant's motion to dismiss.
The plaintiff appealed from that judgment claiming that the court's conclusions of law with respect to its failure to serve the hearing officer and to cite the Piorkowskis were erroneous. In its cross appeal, the defendant argues that the court erred in finding that the plaintiff sufficiently alleged aggrievement.
"To establish a right to appeal under the provisions of 4-183, the plaintiff must show that it is `aggrieved by a final decision.' [General Statutes 4-183 (a).]
"In this jurisdiction the test for determining `aggrievement' to qualify for an appeal from a decision of an administrative agency is well settled. First, one must demonstrate a specific, personal and legal interest in the subject matter of the decision. Second, the party claiming aggrievement must establish that the personal and legal interest has been specially and adversely affected by the decision." Old Rock Road Corporation v. Commission on Special Revenue,173 Conn. 384, 386-87, 377 A.2d 1119 (1977).
Paragraph two of the complaint states that "[t]he hearing officer concluded, by decision dated July 8, 1981, that Alan Piorkowski's placement at Elan Pinehedge [sic] School in Maine was made for educational reasons and that the New Britain board *Page 716 
of education is responsible for the costs of that placement." We conclude that allegations reciting a finding that the plaintiff was to be responsible for the costs of Alan Piorkowski's placement constitute a sufficient articulation of aggrievement to meet the requirements of 4-183 (a).
 II
The plaintiff next asserts that petitions filed pursuant to General Statutes 4-183 (b)need no longer include citations because the legislature, through its enactment of an amendment deleting the provision that service be made "in the same manner as process is served in civil actions,"[3]
expressed its intent to eliminate this requirement. We do not agree.
"The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command . . . . Without it, the officer would be little more than a deliveryman . . . . The citation is a matter separate and distinct from the sheriff's return and is the important legal fact upon which the judgment rests . . . . A proper citation is essential to the validity of the appeal and the jurisdiction of the court." (Citations omitted.) Village Creek Homeowners Assn. v. Public Utilities Commission, 148 Conn. 336,339, 170 A.2d 732 (1961).
The purpose of the amendment to 4-183 (b)was not to obviate the need for a citation; see Practice Book, Forms 204.4 and 204.7; but, rather, to permit service upon the administrative agency in a manner different from ordinary civil actions, to wit, by registered or certified mail.
The plaintiff further contends that even assuming the necessity of a citation, its appeal properly cited the agency which is the real party in interest. Thus, the court should have exercised its jurisdiction. *Page 717 
That argument ignores the plain language of 4-183
(b) which states that "[c]opies of the petition shall be served upon the agency and all parties of record . . . ." It is undisputed that the Piorkowskis are parties of record in this matter. Nevertheless, the plaintiff argues that since they received actual notice, a literal interpretation of the statutory requirements places form above substance. The answer to this claim is that "[a] citation is not synonymous with notice." Village Creek Homeowners Assn. v. Public Utilities Commission, supra. Moreover, our Supreme Court has stated on numerous occasions that "[a]ppeals to courts from administrative agencies exist only under statutory authority . . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Royce v. Freedom of Information Commission, 177 Conn. 584, 587, 418 A.2d 939
(1979), quoting Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6,363 A.2d 1386 (1975).
Finally, the plaintiff contends that the amendment to its administrative appeal which included a citation to the Piorkowskis cured any defect in the service of process. See General Statutes 52-123, 52-128. We do not agree. The failure to include a party defendant in the citation is not a defect curable by amendment and renders the appeal subject to dismissal for want of jurisdiction. Sheehan v. Zoning Commission,173 Conn. 408, 413, 378 A.2d 519 (1977); Village Creek Homeowners Assn. v. Public Utilities Commission, supra; 72 C.J.S. 1177-78, Process 115. Accordingly, we conclude that the court did not err in dismissing the appeal for failure to include a required citation of a party.
 III
The remaining claim by the plaintiff is that the court erred in concluding that the failure to serve the hearing officer deprived the court of jurisdiction. *Page 718 
It is unnecessary to address that claim in view of our disposition of the previous issue. We note, however, that to the extent service was required to be made upon the hearing officer, we conclude that that requirement was satisfied by leaving a copy of the petition at the office of the attorney general as provided in General Statutes 4-183 (b).
 There is no error.
In this opinion COVELLO and F. HENNESSY, Js., concurred.