BOARD OF EDUCATION OF THE TOWN OF FAIRFIELD *v.*
CONNECTICUT STATE DEPARTMENT OF
EDUCATION ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1405

---

Argued April 21—decided August 5, 1983

*Noel R. Newman,* with whom was *Kenneth B. Provodator,* for the appellant-appellee (plaintiff).

*Robert W. Garvey,* assistant attorney general, with whom were *Laurie Adler,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Bernard F. McGovern,* assistant attorney general, for the appellee (named defendant).

*Deborah A. Robinson,* for the appellees-appellants (defendants Vincent Lebonitte et al.).

CIOFFI, J. The plaintiff has appealed and the defendants Vincent and Linda Lebonitte (Lebonittes) have cross appealed from a judgment granting the defendant Connecticut state department of education's (department) motion to dismiss the plaintiff's appeal from an adverse decision of a hearing officer appointed by

the department. The issue presented is whether the plaintiff's appeal to the Superior Court requires the citation to, and service of process upon, the hearing officer.

Factually, this case concerns the education costs of Cara Pronovost, a multiple handicapped child. Prior to July, 1979, her natural parents were her legal guardians and they resided in Fairfield. During this period, she was enrolled at the Oak Hill School, a residential special education facility located in Hartford. The costs of her placement at the school were met primarily by the Connecticut state board of education and by Services for the Blind. The plaintiff paid a small portion of the expenses.

In July, 1979, Cara's parents moved to Vermont. Prior to doing so, they obtained a decree from the Fairfield Probate Court removing them as Cara's guardians and appointing the Lebonittes in their place. The purpose of this change in guardianship was to maintain her placement at Oak Hill School. In November, 1980, the school increased its tuition and costs. Consequently, the plaintiff was required to pay a larger share of the expenses. It subsequently denied responsibility for these expenses on the ground that the guardianship transfer was a "sham." In June, 1981, the Lebonittes requested a hearing from the department. In response to this request, and pursuant to General Statutes § 10-76h (c), the department appointed a hearing board consisting of one hearing officer. Following a hearing, the hearing officer, on September 11, 1981, ruled that the plaintiff was liable for the costs of Cara's placement at Oak Hill.

The plaintiff appealed to the Superior Court pursuant to General Statutes §§ 10-76h (e) and 4-183. The citation attached to the complaint commanded the sheriff to serve a copy of the petition upon the Lebonittes and

upon the department at its office in Hartford and at the office of the attorney general. The department filed a motion to dismiss claiming that the plaintiff failed to allege aggrievement and that it failed to name and serve the hearing officer, thereby depriving the court of jurisdiction. The trial court found that the plaintiff had adequately alleged aggrievement, but concluded that the hearing officer should have been named in the citation and served. It therefore granted the motion to dismiss.

In its appeal, the plaintiff contends that this conclusion was erroneous. In their cross appeal, the Lebonittes claim error in the finding that the plaintiff sufficiently alleged aggrievement.

We consider first the question of aggrievement. "To establish a right to appeal under the provisions of § 4-183, the plaintiff must show that it is 'aggrieved by a final decision.'

"In this jurisdiction the test for determining 'aggrievement' to qualify for an appeal from a decision of an administrative agency is well settled. First, one must demonstrate a specific, personal and legal interest in the subject matter of the decision. Second, the party claiming aggrievement must establish that the personal and legal interest has been specially and adversely affected by the decision." *Old Rock Road Corporation* v. *Commission on Special Revenue,* 173 Conn. 384, 386–87, 377 A.2d 1119 (1977); *Board of Education* v. *State Board of Education,* 38 Conn. Sup. 712, 715, 461 A.2d 997 (1983).

Paragraph ten of the complaint states that "[b]y decision dated September 11, 1981, the defendant, State of Connecticut, State Department of Education, acting through the said Special Hearing Officer, ruled that the plaintiff/appellant Fairfield Board of Education continues to be legally and financially responsible for Cara

Pronovost's special education at Oak Hill School." In *Board of Education* v. *State Board of Education,* supra, we held that a substantially identical allegation constituted a sufficient articulation of aggrievement to meet the requirements of § 4-183 (a). The Lebonittes have presented no compelling reason why we should alter our position. The fact that the complaint does not contain the words "aggrieved" is of no consequence. *Local 1344* v. *Connecticut State Board of Labor Relations,* 30 Conn. Sup. 259, 260, 309 A.2d 696 (1973); see *Hartford Distributors, Inc.* v. *Liquor Control Commission,* 177 Conn. 616, 621, 419 A.2d 346 (1979). Accordingly, we find no error in the cross appeal.

We now turn to the court's conclusion that the plaintiff was required, in its administrative appeal, to cite and to serve the hearing officer appointed by the department to hear the matter for it.

In its memorandum of decision, the trial court found that the hearing officer was an "agency" under the provisions of § 4-166 (1).[1] It concluded, therefore, that "the hearing officer should have been served as the State agency referred to in § 4-166 (1) and also in § 4-183 (b)." The plaintiff contends, however, that the department of education is the agency for purposes of the Uniform Administrative Procedure Act (UAPA) and that the hearing officer is merely the instrumentality of that agency. Thus, it is unnecessary to name and serve the hearing officer. We agree with the plaintiff.

"The statutory scheme and purpose of the UAPA was to provide uniform direction to the operation of administrative procedures of agencies authorized to confer

---

[1] "[General Statutes] Sec. 4-166. DEFINITIONS. As used in this chapter: (1) 'Agency' means each state board, commission, department or officer, other than the legislature, courts, judicial review council, council on probate judicial conduct, governor, lieutenant governor, attorney general or town or regional boards of education, authorized by law to make regulations or to determine contested cases."

on behalf of the state . . . a broad range of benefits to statutorily designated recipients . . . ." *Hopkins* v. *Pac,* 180 Conn. 474, 479, 429 A.2d 952 (1980). The legislature has delegated to the state board of education the broad and general power to supervise and control the educational interests of the state. General Statutes § 10-4. The department is the administrative arm of the state board of education. General Statutes § 10-3a. Thus, the state board, acting through the department, is the agent for the state in all matters relating to education, including special education. General Statutes §§ 10-76b, 10-76d; cf. *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 468, 378 A.2d 547 (1977).

The hearing board, on the other hand, is appointed by the state board of education solely for the purpose of hearing a particular case. General Statutes § 10-76h (c); Regs., Conn. State Agencies § 10-76h-2 (e).[2] It has no other duties and takes no part in the administrative functions of the department, as for example, policy and rule-making. It is not charged with the protection of any public interest. Cf. *Rommell* v. *Walsh,* 127 Conn. 16, 23–24, 15 A.2d 6 (1940). Its members are appointed on an ad hoc basis; General Statutes § 10-76h (c); and are paid reasonable fees and expenses incurred in connection with a particular case. General Statutes § 10-76h (f). They may be employees of the department, although it is not a prerequisite. General Statutes § 10-76h (c). The board exists solely to hear and decide a designated case. "As regards appeals from boards or municipal officers, whose functions go no farther than to determine the rights of parties having a direct interest in the determination of the matters before

---

[2] "[Regs., Conn. State Agencies § 10-76h-2] ESTABLISHMENT OF A HEARING BOARD. Upon receipt of a request for review, the state board of education pursuant to section 10-76h of the General Statutes shall establish a hearing board, hold a hearing and render a decision within thirty (30) days."

them, as boards for the assessment of benefits and damages, there is no occasion for making the board a party to the proceedings and the citation should run to the municipality concerned." *Rommell* v. *Walsh,* supra, 24.

On the basis of the foregoing, we conclude that the hearing board is merely the instrumentality of the department to hear a particular case. It is not a party to the administrative appeal nor is it an "agency" as that term is defined in the UAPA. Accordingly, there is no requirement that the hearing officer be named in the citation nor served with a copy of the petition. See *Board of Education* v. *State Board of Education,* supra, 717–18. Therefore, the court erred in granting the motion to dismiss.

There is no error on the cross appeal. There is error on the appeal, the judgment is set aside and the case is remanded with direction to deny the motion to dismiss and then to proceed according to law.

In this opinion BIELUCH and COVELLO, Js., concurred.