BOARD OF EDUCATION OF THE TOWN OF FAIRFIELD *v.*
DEPARTMENT OF EDUCATION OF THE
STATE OF CONNECTICUT ET AL.
(12349)
(12350)

PETERS, C. J., HEALEY, SHEA, SANTANIELLO and CALLAHAN, Js.

Argued November 12, 1985—decision released January 28, 1986

*Noel R. Newman,* with whom was *Kenneth B. Povodator,* for the appellant-appellee (plaintiff).

*Thomas P. Clifford III,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellee-appellant (named defendant).

ARTHUR H. HEALEY, J. The sole issue on appeal in this case, which involves the question of entitlement to special education benefits, is whether a hearing officer, appointed pursuant to General Statutes § 10-76h (c),[1]

---

[1] The relevant portion of General Statutes (Rev. to 1981) § 10-76h (c) provides: "(c) The state board of education shall, on receipt of request for a hearing made in accordance with the provisions of subdivision (2) of subsection (a) or (b) of this section, establish an impartial hearing board of one or more persons knowledgeable in the fields and areas significant to such

is required to be named and served as a defendant in a subsequent appeal to the Superior Court, under General Statutes §§ 4-183 (b)[2] and 10-76h (e)[3].

This is a consolidated appeal of two cases[4] with essentially identical facts. Each case involves a child residing in the town of Fairfield who was in need of special education within the meaning of General Statutes § 10-76a et seq. Each child was enrolled in a residential special education program outside Fairfield. In each case, the plaintiff board of education of the town of Fairfield (hereinafter, the town) contested its obligation to pay for the programs, in whole or in part. In each case, pursuant to General Statutes § 10-76h (c)

educational review of such child or pupil. Members of the hearing board may be employees of the state department of education or may be qualified persons from outside said department. No person who participated in the previous diagnosis, evaluation, or prescription of education programs or exclusion or exemption from school privileges under review, nor any member of the board of education of the school district under review, shall be a member of the hearing board."

[2] General Statutes (Rev. to 1981) § 4-183 (b) provides: "(b) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, thirty days after the decision thereon, except that service upon an agency may be made by mailing a copy of the petition by registered or certified mail, postage prepaid, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

[3] General Statutes (Rev. to 1981) § 10-76h (e) provides in pertinent part: "Appeals from the decision of the hearing board shall be taken in accordance with section 4-183 . . . ."

[4] A third case, *Board of Education of the Town of Fairfield* v. *Connecticut State Department of Education et al.*, Docket No. CV80–183298, a companion case to the case remaining on appeal in No. 12349 (Docket No. CV81–194361), was resolved, and the board of education of the town of Fairfield withdrew its appeal pursuant to Practice Book § 3075 on December 21, 1984.

and the Regulations of Connecticut State Agencies § 10-76h-1 (e) et seq., the named defendant, the state department of education (hereinafter the department), appointed a hearing board consisting of one hearing officer. Each case was heard by a different hearing officer who constituted the hearing board. Each hearing officer ruled against the town, holding that the town was responsible for the educational costs of each child's placement in a residential facility outside Fairfield. An administrative appeal was filed by the plaintiff town in each case pursuant to General Statutes §§ 10-76h and 4-183. The department of education, the parents or guardians of each child, and the attorney general were named as parties in the appeals.

The department filed essentially identical motions to dismiss the appeal in each case on the ground that the plaintiff "failed to name and serve the hearing officer as a defendant as required by Sec. 4-183 (b)."[5] The trial court, *Driscoll, J.*, granted the motions to dismiss and, in a memorandum of decision in June, 1982, found that the hearing board was an "agency" under General Statutes § 4-166 (1)[6] and, as a result, concluded that General Statutes § 4-183 (b) had not been complied with because the hearing officer had not been served or named as a defendant. The plaintiff town appealed the trial court's dismissals.

The first appeal, commenced in the Superior Court in September, 1981, was brought by the town to the

[5] The motions to dismiss also claimed that the plaintiff "failed to allege aggrievement by the hearing officer's decision, as required by Sec. 4-183 (a)." That issue is not before us on this appeal. See *Board of Education* v. *State Department of Education*, 39 Conn. Sup. 443, 446–47, 446 A.2d 343 (1983).

[6] General Statutes (Rev. to 1981) § 4-166 (1) provides in pertinent part: "(1) 'Agency' means each state board, commission, department or officer, other than the legislature, courts, judicial review council, governor, lieutenant governor, attorney general or town or regional boards of education, authorized by law to make regulations or to determine contested cases. . . ."

Appellate Session of the Superior Court. The Appellate Session reversed the trial court's decision in the first appeal and remanded the case with direction to deny the motion to dismiss. *Board of Education* v. *State Department of Education,* 39 Conn. Sup. 443, 448, 466 A.2d 343 (1983). The department petitioned this court for review of the Appellate Session's decision, and the petition was granted in September, 1983. The second appeal, commenced in Superior Court prior to July 1, 1981, is before this court after a petition for certification by the town was granted in September, 1983.

The unusual procedural history of this appeal prompts us to comment on the focus of our review. Ordinarily, in an appeal from the Appellate Court, or in this case the Appellate Session of the Superior Court, after the granting of certification, "the focus of our review is not the actions of the trial court, but the actions of the Appellate Court. We do not hear the appeal de novo." *State* v. *Torrence,* 196 Conn. 430, 433, 493 A.2d 865 (1985); *State* v. *Beckenbach,* 198 Conn. 43, 47, 501 A.2d 752 (1985). This consolidated appeal, however, also involves an appeal, upon certification, from the decision of the trial court dismissing the plaintiff's administrative appeal. Because certification on this consolidated appeal was limited to a specific question; Practice Book § 3154; our review will be limited to the substantive issue as set forth in the petitions for certification and as set out above.

The Appellate Session's decision in favor of the plaintiff town held that the hearing officer or board is "merely the instrumentality of the department [of education] to hear a particular case" and that the department is the agency for purposes of the Uniform Administrative Procedure Act (UAPA). Thus, it was unnecessary to name and serve the hearing board

because it is not an "agency" as defined in the UAPA. *Board of Education* v. *State Department of Education,* supra, 449. We agree.

"The legislature has delegated to the state board of education the broad and general power to supervise and control the educational interests of the state. General Statutes § 10-4. The department is the administrative arm of the state board of education. General Statutes § 10-3a. Thus, the state board, acting through the department, is the agent for the state in all matters relating to education, including special education. General Statutes §§ 10-76b, 10-76d . . . ." *Board of Education* v. *State Department of Education,* supra, 448.

In each of these cases, an administrative hearing at the state level was conducted at the request of a party who was aggrieved by a decision of the plaintiff town regarding an individualized educational program for a special education student. General Statutes § 10-76h (c). The hearing at the state level was conducted by an "impartial hearing board" established by the state board of education. Appeals from this hearing board "shall be taken in the manner set forth in section 4-183." General Statutes § 10-76h (e).

The Uniform Administrative Procedure Act; General Statutes § 4-183; provides a statutory framework within which an appeal from an administrative agency may be taken. Section 4-183 (b) specifically provides that "[c]opies of the petition [of appeal] shall be served upon the agency and all parties of record . . . . " The trial court, in granting the department's motions to dismiss, interpreted this provision to require the hearing board to be named and served as a party because it was an "agency" under the UAPA.

The hearing board, established by the department of education, is not an agency for the purpose of taking an appeal under the UAPA. An "agency" is defined

by General Statutes (Rev. to 1981) § 4-166 (1) as "each state board, commission, department or officer, other than the legislature, courts, judicial review council, governor, lieutenant governor, attorney general or town or regional boards of education, authorized by law to make regulations or to determine contested cases." Although the language of this statute explicitly sets forth the different entities which do and do not constitute an agency, the determination of whether the hearing officer fits within one of those categories is not clear on the face of the statute. "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result. *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 4, 363 A.2d 1386 (1975)." *Stoni* v. *Wasicki,* 179 Conn. 372, 376–77, 426 A.2d 774 (1979). The hearing officer cannot be said, under the statutory scheme, to be a "state officer" or "state board" but is rather a hearing board of the "state department" of education specifically established by statute and implemented by departmental regulations. See General Statutes § 10-76h; Regs., Conn. State Agencies § 10-76h-2 (e).

The defendant department argues that the state department of education and the hearing board appointed by it are "separate and distinct entities" and that such a distinction must be maintained "in order to be in compliance with federal law," specifically the Education for All Handicapped Children Act (EHA), 20 U.S.C. § 1401 et seq. As proof of this need for segregating the entities, the defendant cites a Fifth Circuit case which held that the Georgia state board of education could not appoint a hearing officer and yet retain concurrent authority to reject the officer's findings. *Helms* v. *McDaniel,* 657 F.2d 800, 805 (5th Cir. 1981), cert. denied, 455 U.S. 946, 102 S. Ct. 1443, 71 L. Ed. 2d 658 (1982). The holding of *Helms* v. *McDaniel,*

supra, does not impact on the issue in the case before us because it addressed the need for the finality of the hearing officer's decision for the purposes of appeal.[7] Rather, an analysis of the origin, existence and function of the hearing board should be undertaken. See, e.g., *Hopkins* v. *Pac,* 180 Conn. 474, 477, 429 A.2d 952 (1980). Moreover, despite the defendant department's federal funding arguments, the "federal gloss given to procedures" is not applicable to one seeking to perfect an administrative appeal under the facts of this case.

The hearing board is the creation of the state department of education, authorized by statute, and its existence and function are limited to hearing and deciding a particular contested case. A situation somewhat analogous to the one before us is found in *Catholic Family & Community Services* v. *Commission on Human Rights & Opportunities,* 3 Conn. App. 464, 489 A.2d 408 (1985), in which the sole issue was whether the hearing officer appointed by the defendant should have been served in an administrative appeal to the trial court. The Appellate Court held that a hearing examiner appointed by the chairman of the commission does not "gain status independent of the commission. His determinations have validity only because of the authority vested in him by the chairman of the commission." *Catholic Family & Community Services* v. *Commission on Human Rights & Opportunities,* supra, 467. Simi-

---

[7] The defendant also relies extensively on *Campochiaro* v. *Califano,* Civ. No. H-78-64 (D. Conn. 1978), which was a ruling on a motion for a preliminary injunction and on a motion to dismiss. The federal District Court found that there was a probability that the plaintiffs would prevail in their contention that local board of education members may not conduct due process hearings. *Campochiaro* v. *Califano,* supra; see also 20 U.S.C. § 1415 (c) and (e) (1); *Helms* v. *McDaniel,* 657 F.2d 800, 805 (5th Cir. 1981), cert. denied, 455 U.S. 946, 102 S. Ct. 1443, 71 L. Ed. 2d 658 (1982). The state department of education is no longer allowed to appoint employees of state and local educational agencies to hearing boards in due process review proceedings. General Statutes § 10-76h (c) (2); cf. General Statutes (Rev. to 1981) § 10-76h (c).

larly, the hearing board appointed by the state board of education does not gain status independent of the department which establishes it for a single contested case. "It has no other duties and takes no part in the administrative functions of the department, as for example, policy and rule-making. It is not charged with the protection of any public interest. Cf. *Rommel* v. *Walsh,* 127 Conn. 16, 23–24, 15 A.2d 6 (1940)." *Board of Education* v. *State Department of Education,* supra, 448.

The conclusion that the plaintiff's appeal was authorized by the UAPA finds additional support in the plaintiff's observation that the definition of an "agency" under § 4-166 shows that an agency must be authorized to "determine contested *cases.*" (Emphasis added.) Because each hearing officer or hearing board is appointed to hear and to determine only *one* contested case, the plaintiff town argues that it cannot, for that reason alone, be an "agency." Not only does the hearing board hear and determine only one case, but it also must render a decision within thirty days. The life span of such a board amounts to a "brief ad hoc existence." according to the plaintiff town. This board is truly "ad hoc" which literally means "for this; for this special purpose." Black's Law Dictionary (5th Ed.).

In addition, the decision rendered by the hearing board is enforced by the state board of education if the board of education of the child's school district "does not take action on the findings or prescription of said hearing . . . board . . . ." General Statutes § 10-76h (e) (2). This statutory mandate that the state board of education or the state department of education enforce the hearing board's ruling indicates that the hearing board is created in order to make an impartial determination of educational benefits in accordance with due process requirements. Once the board has made its determination, its existence, for all intents and pur-

poses, is over, its raison d'etre is satisfied, and it is for the department to undertake any further action to enforce its ruling.

As the department correctly notes, there must be strict adherence to statutory provisions when taking an appeal under the UAPA. *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 550, 489 A.2d 368 (1985); *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587–88, 418 A.2d 939 (1979); *In re Nunez,* 165 Conn. 435, 441, 33 A.2d 898 (1973). The plaintiff complied with all applicable statutory provisions. It was not necessary to name and serve the hearing board under General Statutes § 4-183 (b) because the hearing board is not an agency within the meaning of General Statutes § 4-166 (1) for purposes of appeal under the UAPA.

There is error in No. 12349 (CV81–194361), the judgment of dismissal is set aside and that case is remanded with direction to deny the motion to dismiss and to proceed according to law; there is no error in No. 12350 and the decision of the Appellate Session, *Board of Education* v. *State Department of Education,* 39 Conn. Sup. 443, 466 A.2d 343 (1983), is affirmed.

In this opinion the other judges concurred.