[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the Cheshire Board of Education from the decision of the State Board of Education. That decision found that the appellant is responsible for the expense of certain services determined to be related to the special education of a handicapped student.
The court finds that the appellant is aggrieved in light of the adverse decision of the state's hearing officer and its responsibility to bear the costs associated with that decision. Board of Education v. State Board of Education, 38 Conn. Sup. 712,715 (App. Sess. 1983). CT Page 4349
This appeal is taken pursuant to Connecticut General Statutes Sections 10-76h(e) and 4-183. In reviewing the decision below, the court is limited to determining whether the findings are supported by substantial and competent evidence, the decision exceeds statutory authority, or it constitutes an abuse of discretion. The court may not adjudicate the facts or substitute its judgment for that of the agency below as to the weight of evidence.
The court has reviewed the extensive record in this matter, the briefs of the parties and the cases cited therein. Under the applicable law, a special education student is entitled to "related services" which may be required to assist a handicapped child to benefit from special education. The record reveals that the student herein is in need of therapy in order to benefit from any educational plan and the hearing officer found his current psychiatric therapy to be a related service. The testimony of Ms. Stoddard as well as Dr. Shah support the hearing officer's conclusion.
Whether or not the therapy a student needs is a medical plan rather than related service turns on the nature and purpose of the services rather than the status of the service provider. On this issue, again, the record below contains competent evidence sufficient to support the hearing officer's conclusion.
This court, upon review of the record and the law does not find that the decision below meets any of the criteria contained in Connecticut General Statutes 4-183(j) which would necessitate sustaining the appeal. Therefore, the appeal is dismissed.
Elaine Gordon, Judge