[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST TO AMEND (MOTION #122)
Plaintiff, Gloria Bethea, commenced the present action by writ, summons and complaint dated April 17, 1990 after she was attacked by a dog. The injuries were incurred while plaintiff was walking along a public sidewalk in the City of New Haven (the "City"). The defendants named in the summons are Stephen Gary, Therese Gary, Lawrence Brown, Sally Brown, William Quinn and Jean Riley. The City was not named in the summons, but was named in the complaint as a defendant. CT Page 7000
Service was made upon the above named defendants, including the City, on April 30, 1990. On May 15, 1990, the Office of the Corporation Counsel for the City appeared for defendants, Sally Brown, William Quinn and Jean Riley.
On October 11, 1991, pursuant to Practice Book 114, plaintiff filed a motion for default against defendants Lawrence Brown, Sally Brown, William Quinn and Jean Riley. On November 1, 1991, the Clerk of the Superior Court issued a notice dated October 11, 1991 indicating that default for failure to plead had been granted as to Sally Brown. The clerk also stated "[f]or the information of all concerned, the City has not been included as defendant in the summons in this case." Thereafter, on December 23, 1991, plaintiff filed a request to amend the summons seeking to add the City of New Haven as a named defendant. Counsel for the City has filed an objection and opposing memorandum of law. Said objection was heard at Short Calendar session on May 26, 1992.
Plaintiff argues in its request to amend that the inclusion of the City of New Haven in no way prejudices the City because the corporation counsel has been involved in this case from the very beginning, has received copies of all pleadings and has fully cooperated in all aspects of the plaintiff's prosecution of this case.
Defendants argue that plaintiff's claim pursuant to General Statutes 7-101a against the City is barred by the two year statute of limitations period. Defendants also contend that the request to amend is untimely because it was filed over six months after the alleged cause of action arose.
In Coiro v. Duran, 4 Conn. L. Rptr. No. 17, 569 (September 9, 1991, Wagner, J.), an appeal from an administrative grievance proceeding, the court addressed a fact pattern similar to the one at hand. As in the present case, the plaintiff named the defendant in the complaint, but failed to name it in the writ of summons. The court, quoting Board of Education v. State Board of Education, 38 Conn. Sup. 712 717, 461 A.2d 997 (App. Sess. 1983), granted the motion to dismiss as to the unnamed defendant on the ground that the failure to name the defendant in the writ was an incurable substantive defect beyond the scope of General Statutes 552-123[1] Id., 570-71.
In a more recent case, Mason v. Tower Plaza Shopping Assoc.,6 Conn. L. Rptr. No. 9, 260 (May 4, 1992, Curran, J.), a similar result was reached. In Mason, the court, following the reasoning of the court in Coiro, held that where a cross-claiming plaintiff failed to name a defendant on the writ of summons, the defect CT Page 7001 could not be considered circumstantial for purposes of 52-123, or subject to amendment pursuant to 52-72[2] because it appeared from the sheriff's return that there was no service of the original process. Id., 261-62.
Unlike Mason, the sheriff's return in the instant matter indicates that there was service of the original process upon the City. The return, dated April 30, 1990, states that service was made upon the within named defendants "[b]y virtue of this original writ, summons and complaint. . . ." Thereafter, in the third paragraph the sheriff states that he "served the within named defendant CITY OF NEW HAVEN by leaving with and in the hands of Marexes Ado/Emaina Bey, Clerk and proper person to accept service for Sally Brown, Town/City Clerk . . . ." Thus, as the sheriff's return indicates, despite the omission of the City's name from the summons, the City was the party intended to be served and service was properly delivered to, the City's agents.
Further, the present case can be distinguished from Coiro. Plaintiff's case is not an administrative appeal which requires strict compliance with statutory requirements. See Raines v. Freedom of Information Commission. 221 Conn. 482, 489, 604 A.2d 819
(1992). Thus, the failure to include a defendant's name in a summons, unlike a citation, need not be an incurable defect.
Because the City and its counsel responded to plaintiff's action in response to proper service having been made, the defect in the summons was merely circumstantial and an amendment of the summons will not prejudice the City.
Based on the foregoing, the defendants' objection to plaintiff's request to amend is overruled and the plaintiff is authorized to amend her summons accordingly.
JOHN P. MAIOCCO, JR., JUDGE