[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT STOP SHOPS MOTION TO DISMISS
The defendant, Stop Shop, applied to the defendant, Ansonia Planning Zoning Commission, for site plan approval to construct a gas station at an existing shopping center. An amended plan was iled changing the location of the station within the site and this amended application was approved on November 16, 1998. Notice of approval was published on November 20, 1998.
On December 4 this appeal was filed claiming the Commission acted illegally, arbitrarily and in abuse of its discretion in granting the amended application.
In the appeal, the plaintiff, Henry, alleges he was the CT Page 4001 owner of property in Ansonia. The plaintiff, Riverview Super Service, Inc., alleges it is the lessee of the property owned by Henry at 680 Main Street, Ansonia, and that it operates a gas station on the premises.
The plaintiff, Butler Butler, Inc., alleges that it is the lessee of property at 695 Main Street and owns a gas station on that premises. In paragraph 7 of the complaint, the plaintiffs allege aggrievement "in one or more of the following respects:"
 (a.) Said decision [by the defendant Commission approving the application) will result in substantial diminution in value of the real property of the plaintiff, Richard Henry.
 (b.) Said decision will result in the substantial diminution in value of the business of the plaintiffs Riverview Super Service, Inc. and Butler Butler, Inc.
 (c.) Said decision will result in substantial injustice being done to all plaintiffs, in that public safety, welfare and convenience will be significantly impaired."
The defendant, Stop Shop, has now filed a motion to dismiss claiming that the plaintiffs have failed to allege facts sufficient to support their claim that they are aggrieved by the decision of the defendant Commission.
 1.
As the defendant notes, "[p]leading and proof of aggrievement are prerequisites to a trial courts jurisdiction over the subject matter of an administrative appeal," UnitedCable Television Services Corp. v. Department of PublicUtility Control, 235 Conn. 334, 342, and of course the plaintiff has the burden of proving aggrievement. Id. at page 342. The plaintiffs do not allege statutory aggrievement under § 8-8 (a)(1) C.G.S.A. but allege and must prove so called classical aggrievement. Primerica v. Greenwich Planning Zoning, 211 Conn. 85 (1989) indicates that this type of aggrievement must be pled and proven by means of a two part test: "First, the party claiming aggrievement must demonstrate CT Page 4002 a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision." Id. pp. 92-93, quoting from Hale v. Planning Zoning Commission,156 Conn. 505, 508 (1968)
The first question presented here is whether a motion to dismiss for lack of subject matter jurisdiction and based on an allegation that the complaint in a zoning appeal does not set forth sufficient allegations of aggrievement can be granted based solely on such a deficiency in the pleadings. In other words, can such a motion be entertained and granted without giving the plaintiff nonmoving party an evidentiary hearing in which the plaintiff can try to show aggrievement by the introduction of evidence.
As to all types of administrative appeals, the court has said that: "The trial court must be satisfied, first that the plaintiff alleges facts, which, if proven, would constitute aggrievement as a matter of law, and second, that the plaintiff proves the truth by those factual allegations . . . `the mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement is insufficient . . .'" Beckish v. Manafort,175 Conn. 415, 419 91978) (appeal from state building code standards committee), cf. Nader v. Aldermatt, 166 Conn. 43,54-55 (1974) (appeal from order of insurance commissioner)
In Tyler v. Zoning Board of Appeals, 145 Conn. 655, 663
(1966), the court said that the appellant should allege in the complaint the respects in which he or she claims to be adversely affected by the decision from which the appeal is taken.
A motion to erase was the older vehicle to test subject matter jurisdiction when a claim was made that absence of such jurisdiction was apparent on the face of the record. In a probate appeal case, the court said that: "The matter of aggrievement goes to the jurisdiction of the Superior Court, and, if sufficient grounds to establish a claim of aggrievement are not alleged, a motion to erase the appeal CT Page 4003 will be granted." Maloney v. Taplin, 154 Conn. 247, 249
(1966). In another appeal from Probate Court, the court upheld the granting by the trial court of a motion to erase and said: "Since the appeal failed to allege affirmatively facts that were essential under the statute to confer jurisdiction upon the Superior Court, it was defective upon its face. A motion to erase was the proper pleading to raise that legal issue. . . . It serves the same purpose as a demurrer."Exchange Buffet Corp. v. Rogers, 374, 377-378 (1953); also see Sacksell v. Barrett, 132 Conn. 140, 147 (1945). InGoldstein v. Zoning Commission of the City of Waterbury,159 Conn. 595 (1968), the court upheld the granting of a motion to erase because in the complaint the plaintiff failed to allege the specific respects in which he was aggrieved. Also see,Hartford Distributors. Inc. v. Liquor Control Commission, where the court upheld the trial court's granting of the motion to erase which had concluded the plaintiffs had not alleged aggrievement in their appeal or facts from which the court could determine there was a basis for a claim for aggrievement. Id. p. 619 (see p. 617, court noted motion directed toward complaint as a whole; cf. Hughes v. TownPlanning Zoning Commission, 156 Conn. 505 (1968)). In the more recent case of State Medical Society v. Board ofExaminers in Podiatry, 203 Conn. 295 (1987) the court reversed the action of the trial court dismissing an appeal from the Board. The trial court had concluded that the complaint failed to assert standing necessary for aggrievement. The Supreme Court did not base its reversal on the recognition of some a priori right to an evidentiary hearing on the issue of aggrievement but based its decision on its own examination of the complaint. It concluded that the complaint read as a whole did set forth aggrievement, thereby implying that granting a motion to dismiss would be appropriate if the complaint had been found wanting on the issue of aggrievement.
The foregoing review of the cases thus indicates that there does not seem to be much question that a motion to dismiss in a statutory appeal action can be based on a claim that the appeal or complaint, on its face, does not set forth the factual prerequisites for aggrievement. It operates like a motion to strike or the old common law demurrer with this draconian difference — if the motion to dismiss is granted, there is no pleading over. Worse yet, once the issue of subject matter jurisdiction is raised, it must immediately be acted upon by the court, without the right of amendment. F.D.I.C. Corp. v.Peabody N.E., Inc., CT Page 4004239 Conn. 93, 99 92996). In statutory appeal cases, with their time limits, all of this means that people can be permanently thrown out of court for "paper", i.e., pleading mistakes where aggrievement in fact does exist but some litigant left out the factual rendition of aggrievement in the complaint. This is so even though the party filing the motion to dismiss would not be prejudiced by allowing an amendment reflecting facts supporting aggrievement and was aware at and prior to litigation of these very facts which would establish aggrievement.
Perhaps in an effort at partial relaxation of these rigidly framed rules, the court has adopted some liberal interpretive guidelines to be applied to an analysis of complaints in cases of this type. Thus, it has been held that the "failure to use the word aggrieved is immaterial if the facts alleged amount to aggrievement." Land Use Law Practice, Fuller, at § 32.3, page 530, citing Board ofEducation of Town of Fairfield v. Conn. State Dept. ofEducation, 39 Conn. Sup. 443, 447 (1983), aff'd 198 Conn. 445
(1986) In Hartford Distributors, Inc. v. Liquor ControlCommission, 177 Conn. 616, 620-621 (1979) the court in fact upheld the trial courts granting of the motion to erase but it reviewed the entire complaint in doing so. Also see Local 1344v. Conn. State Board of Labor Relations, 30 Conn. Sup. 259,260 (1973). In State Medical Society v. Board of Examiners in Podiatry, supra, as noted, the court held the trial court erred in granting a motion to dismiss on jurisdictional grounds; in doing so, however, the court held that in examining the complaint to determine if it set forth aggrievement, a court must not confine itself to those paragraphs explicitly alleging aggrievement. The court in fact looked at the entire complaint and its allegations and decided that, read in its entirety, the complaint "necessarily implied" an allegation of unfair competition which under the legal theory accepted by the court established aggrievement. Id., page 313.[1]
 2.
The court will apply the foregoing principles to an analysis of the motion directed toward this complaint. The court will discuss the allegations of aggrievement set forth in paragraph 7 in reverse order. CT Page 4005
 (a)
Paragraph 7(c) alleges that the defendant Zoning Commission "decision will result in substantial injustice being done to all plaintiffs, in that the public safety, welfare and convenience will be significantly impaired thereby."
This allegation does not provide the court with subject matter jurisdiction. As noted, plaintiffs can only establish aggrievement by showing that "they had a specific personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specifically and injuriously affected in their property or other legal rights." I.R. Stich Associates, Inc. v. Town ofWest Hartford, 155 Conn. 1, 3 (1967); Hall v. ZoningCommission, supra; Primerica v. Greenwich Planning Zoning, supra; also see discussion by court and reference to pleadings in Nader v. Aldermatt at 166 Conn. pp. 54-56 regarding claim of aggrievement by plaintiff Nader; see also cases cited by defendant, Town of Southington v. State Traffic Commission, etal., 1991 W.L. 27851; Kovacs v. Zoning Commission of Town ofBrookfield, 1995 W.L. 41346.
In effect, this allegation in 7(c) of the complaint is legally insufficient to establish a claim of aggrievement. On its face, it does not allege a specific interest in the Commissioner's decision as distinguished from a concern common to all members of the public — in fact it asserts "public" concerns over safety, welfare and convenience. This allegation does not give any of the plaintiffs a basis to claim aggrievement.
 (b)
The motion is also directed against the allegations of two of the plaintiffs, Riverview Super Service and Butler 
Butler, in paragraph 7(b) of the complaint. As noted, the reasons for the litigation in this case arises out of the granting of approval by the zoning authority of permission to locate a gas station on defendant's property at 100 Division Street in Ansonia. The plaintiff lessees allege in the complaint (¶¶ 2 and 3) that they are the operators and owners of gas stations at 680 and 696 Main Street respectively CT Page 4006 in Ansonia.
Paragraph 7(b) claims the lessees are aggrieved because the zoning authorities decision "will result in a substantial diminution in value of the businesses" of these two plaintiff lessees.
The generally stated rule is that the fact that an appellants business will suffer increased competition because of the granting of a permit to a prospective competitor does not provide the basis for a claim of aggrievement, Mott'sRealty Corp. v. Town Plan Zoning Commission of Windsor,152 Conn. 535, 537 (1965), Gregorio v. Zoning Board of Appeals ofWindsor, 155 Conn. 422, 426 (1967), Whitney Theater Co. v.Board of Zoning Appeals of Hamden, 150 Conn. 285, 288 (1963), see also Conn. State Medical Society v. Conn. Bd. of Examinersin Podiatry, 203 Conn. 295, 301 (1987), appeal after remand208 Conn. 709 (1988)
This broadly stated rule has been called into question, however. In Connecticut Land Use Regulation, Tondro, Chapter 8, pp 542-544 it says:
 "The fact that the plaintiff's business will suffer increased competition due to the granting of a permit is not the injury the agreement requirement is designed to protect. This reflects a commonly stated view that land use regulations ought not be used to stifle competition. That view is more often asserted than applied, however."
Tondro cites a case, relevant to this discussion, to support the just quoted statement. Referring to Gregorio v. ZoningBoard of Appeals of Windsor, supra he says there "the court permitted an established business to skirt the aggrievement rule when challenging a competing gasoline service station, by finding aggrievement in the increased traffic in front of the plaintiffs nearby station that would result."
But the court in Gregorio cannot be said to have permitted the plaintiff to skirt this aggrievement rule as to prospective competitors. The reasoning behind the numerous decisions that state, as Gregorio does, that threat of competition cannot provide the basis for aggrievement is that CT Page 4007 the court accepts the theory behind the justification for a market economy.
It is thought that in all circumstances the public will be benefitted [benefited] if it is offered as much choice as possible in the market place. Competition is said to provide this choice at the lowest price. The aggrievement rule is really based on a notion of judicial restraint — the marketplace should decide issues of competitive benefit not Superior Court judges weighing the advantage or detriment of allowing competition in a particular business situation. This scenario of inappropriate judicial intervention would in fact be the result if the granting of a right to operate a business by a zoning authority to a prospective competitor is held to provide the basis for a claim of aggrievement by an established business.
However, Gregorio's finding of aggrievement for a business competitor who claimed the prospective rival business would create a traffic hazard in front of his gas station was not acting contradictorily or recognizing back door aggrievement claims for competitors. It is one thing for the courts to abstain from finding aggrievement in a situation where it is desirable for ordinary market forces to sort out business advantage between old and newly permitted competitors. But it must be a fair playing field in market terms. The competitor who has received permission to operate from a local zoning authority should not also receive an unfair competitive advantage over established competitors by the very fact that the new business will cause traffic or other environmental hazards to the old business — such factors as the latter have nothing to do with fostering fair and rational competitive models which hypothetically would bring success only to the competitor offering the best service at the lowest price. Gregorio then on its own analytical terms did not foster the "stifling of competition" as it could have if it found the mere threat of competition to be a basis of aggrievement. Rather it refused to permit an unfair or flawed competition that would not provide the advantages to the public that open and fair competition is supposed to provide.
Gregorio in a certain practical way presaged the position or at least the language and reasoning of the court in the much later case of State Medical Society v. Board of Examinersin Podiatry, supra where the court at 203 Conn. page 302 said CT Page 4008
 "It is a principle of common law that `[o]ne who causes loss of business or occupation to another merely by engaging in a business or occupation in good faith is not liable to the other for the loss so caused, though he knows that the loss will result.' 3 Restatement, Torts § 708, p. 519. It is only `unfair' competition that is prohibited." 1 F. Harper 
F. James, Jr., Torts (1956) § 6.13, p. 517. These substantive principles have engendered correlative jurisdictional rules. Although an allegation merely of competition likely to result in lost revenues is ordinarily insufficient to confer standing, this court has frequently assumed jurisdiction as a matter of course over claim of unfair or illegal competition." (Emphasis by court.)
Applying these principles to this complaint the court can only conclude that the allegations of paragraph 7(b) make a claim that the plaintiff lessees will suffer increased competition because of the granting of a permit to a prospective competitor. This cannot provide the basis for aggrievement. Nothing else in the complaint and particularly in paragraph 8 articulates in what way any prospective competition will be unfair, in particular, to the plaintiffs as competing business people. There are general allusions in paragraph 8(c) and (d) to the zoning authorities decision having been made without regard to the "public safety and welfare" and disputing that the use will be "appropriate, harmonious, and desirable for the location involved" and that the use will promote "public health, safety and welfare" of Ansonia. But these allegations cannot be construed as claims that the defendants commissions decision will create the prospect of unfair competition as such with the plaintiffs in any particularized way.
The court concludes, from an-examination of the complaint, that the plaintiff lessees have not set forth sufficient allegations of aggrievement.[2]
 (C)
In paragraph 7(a), Richard Henry, the owner of one of the CT Page 4009 properties on which a plaintiff lessee operates a gas station claims to be aggrieved on the basis that the decision of the defendant commission allowing the defendant Stop Shop to open and operate a gas station
. . ."will result in the substantial diminution in value of the real property of the plaintiff Richard Henry."
The defendant characterizes this allegation as, in effect, a claim that the value of Mr. Henry's property will decline because of the increased competition that will result, because of the commissions decision, to the party that leases his premises. If this characterization is appropriate then aggrievement could not be found.[3]
But despite the foregoing, the court is not prepared to hold as a matter of law that, reading the complaint as a whole and especially the allegations of subparagraphs (b), (c), (d) and (f) of paragraph 8, there is no basis to conclude aggrievement could not be established or on the face of the language of the complaint case law dictates such a result. This motion to dismiss lies against only the complaint and does not seek to introduce facts outside the complaint therefore "the allegations of the complaint must be given the construction most favorable" to the non-moving party, here Mr. Henry, Brownv. Cato, 147 Conn. 418, 419 (1960), Brewster v. Brewster,152 Conn. 228, 233 (1964), Duguay v. Hopkins, 191 Conn. 222, 227
(1983); this was the rule with the older motion to erase and is analogous to the rule on a motion to strike, cf Amodio v.Cunningham, 182 Conn. 80, 82 (1980). Subparagraphs 8(b), (c) and (d) claim that by permitting the defendant Stop Shop's application the defendant commission violated zoning regulations and would condone the establishment of a business that was not appropriate for and out of harmony with the location where it was to be permitted. These allegations could be read as the reasons for the decline in value of Mr. Henry's property.
Furthermore, subparagraphs 8(c) and 8(f) allege the commissions decision that the Stop Shop application promoted public health, safety and welfare was contrary to the evidence and the decision was in fact made without regard for the public safety and welfare. Giving the complaint its most favorable reading and viewing it in its entirety, the court CT Page 4010 cannot say that no basis to establish aggrievement can be found where diminution in value of a particular parcel of land is alleged to have been caused by a zoning authority decision which would have a deleterious effect on public health, safety and welfare. That is, on the face of the pleadings the court can not conclude that the plaintiff Henry's land is or is not harmed in a way different from the properties of the general public by the decision of the zoning authority which in some unspecified way also or at the same time deleteriously affects the public health, safety or welfare. The rule is well established that court's must indulge every presumption in favor of subject matter jurisdiction. Gurliacci v. Mayer,218 Conn. 531, 543 (1991) and why should not this is be so when applying rules for the interpretation of pleadings.[4]
In light of the foregoing discussion the court will dismiss the appeals of the plaintiff's Butler Butler, Inc. and Riverview Super Service Inc. but will not dismiss the appeal of the plaintiff Richard Henry.
CORRADINO, J.