592 A.2d 811

**Anne L. MATHIAS, a/k/a Anne L. Mattis, as parent of Pamela S. Mattis, an individual, and in her own right, Appellant,**

v.

**RICHLAND SCHOOL DISTRICT, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 29, 1991.

Decided June 3, 1991.

Robert S. Shreve, Pittsburgh, for appellant.

Richard T. Williams, Sr., Johnstown, for appellee.

Before COLINS and SMITH, JJ., and NARICK, Senior Judge.

COLINS, Judge.

Anne L. Mathias, a/k/a Anne L. Mattis (appellant) appeals from the September 28, 1990 Order of the Court of Common Pleas of Cambria County (Common Pleas) which granted the Richland School District's motion for judgment on the pleadings and denied appellant's motion for judgment on the pleadings.

Appellant resides with her minor child, Pamela S. Mattis (Pamela), in the Forest Hills School District. Pamela's father resides within the Richland School District (Richland), and appellant wishes to enroll Pamela in Richland without having to pay tuition, which Richland requires because it considers Pamela to be a non-resident student.[1]

On January 26, 1990, appellant filed a complaint with Common Pleas, seeking an order requiring Richland to enroll Pamela as a student, without payment of tuition, as long as her father resides there. The complaint also asked

1. Appellant's complaint alleges the following uncontested facts. Pamela lived with her father and attended Richland until November 27, 1989. On or about that date, she moved to her mother's residence, which is not located in Richland. By letter dated January 15, 1990, Richland notified appellant that she would be required to pay tuition in order for Pamela to attend school in Richland.

for injunctive relief requiring Richland to enroll Pamela, without payment of tuition, pending the outcome of the case. On January 29, 1990, after hearing, Common Pleas denied appellant's request for injunctive relief.

Richland filed preliminary objections on February 27, 1990, requesting that appellant's complaint be stricken, because she failed to join an indispensable party, namely, her former husband, Edward B. Mattis. The preliminary objections were denied by Opinion and Order issued on May 30, 1990. Mr. Mattis, therefore, is not a party to this action.

Both parties filed motions for judgment on the pleadings, and by Opinion and Order of September 28, 1990, Common Pleas granted Richland's motion and denied appellant's motion.

Appellant timely filed a Notice of Appeal with this Court and presents one issue for our review: "Whether it is appropriate for a child, who lives with her mother in one school district, to exercise her free school privileges in a different school district where her natural father resides?"

"Our scope of review over a grant or denial of judgment on the pleadings is limited to determining whether there has been an error of law or an abuse of discretion.... Judgment on the pleadings should not be entered unless there are no material facts in dispute, ... or after accepting all of the opposing party's well-pleaded facts as true, the case is free from doubt and trial would be a fruitless exercise." *County of Schuylkill v. Maurer*, 113 Pa.Commonwealth Ct. 54, 56–57, 536 A.2d 479, 481 (1988) (citations omitted).

This case of first impression requires us to interpret Section 1302 of the Public School Code of 1949 (Code),[2] which states: "A child shall be considered a resident of the school district in which his parents or the guardian of his person resides." Appellant argues that a child is not limited to being a resident of one school district, because rules of statutory construction provide that "[t]he singular shall include the plural, and the plural, the singular." 1 Pa.C.S.

2. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 13–1302.

§ 1902. According to appellant, therefore, school district also means school districts, and parents also means parent. Pamela's father resides in Richland; thus, according to appellant, Pamela can attend school in Richland without paying tuition. We disagree.

Pursuant to 1 Pa.C.S. § 1922, when we ascertain the General Assembly's intent in the enactment of a statute, we may presume that the General Assembly did not intend an absurd or unreasonable result. We believe that an interpretation of Section 1302 of the Code which would permit a child to be a resident of two school districts is absurd and unreasonable. It has long been the law that a person can have only one domicile or principal residence. As it was stated in *Fossleitner Appeal*, 435 Pa. 325, 257 A.2d 522 (1969), *cert. denied*, 397 U.S. 1040, 90 S.Ct. 1360, 25 L.Ed.2d 651 (1970), "[i]t is a general rule that a minor cannot acquire a residence or domicile of his own apart from one of his parents.... 'Upon the separation or divorce of the parents, a child acquires the domicile of the parent with whom he resides or to whom custody of the child has been given....' It is also a general rule that a minor has the same residence and domicile as the parent with whom he lives." *Id.*, 435 Pa. at 333–34, 257 A.2d at 525–26 (emphasis deleted) (citations omitted).

There is no dispute that Pamela resides with appellant in the Forest Hills School District. She is, therefore, a resident of that school district and is not entitled to attend Richland without paying tuition.

Accordingly, the Order of the Court of Common Pleas of Cambria County is affirmed.   •

## ORDER

AND NOW, this 3rd day of June, 1991, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is affirmed.