616 A.2d 72

**Patricia KEARNEY and Gregory Kearney, A Minor, by and through his guardian Patricia Kearney, Appellants**

v.

**CITY OF PHILADELPHIA and Louis Garzone, Individually and Garzone Funeral Home, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1992.

Decided Sept. 16, 1992.

518

Paul Mark Perlstein, for appellants.

Marie C. Lasota, Asst. City Sol., for appellee, City of Philadelphia.

Before COLINS and PELLEGRINI, JJ., and BARRY, Senior Judge.

COLINS, Judge.

Patricia Kearney (Kearney), individually and as guardian for minor Gregory Kearney, appeals from a June 5, 1991 order of the Court of Common Pleas of Philadelphia County (Common Pleas) granting a judgment on the pleadings filed by and limited solely to appellee, City of Philadelphia (City).[1]

1. The subject of Common Pleas' decision and this appeal concern only Kearney's Amended Complaint against the City. Kearney's claims against co-defendants Louis Garzone and the Garzone Funeral Home are unaffected by our ruling.

This case arose out of allegations by Kearney that the Philadelphia Medical Examiner failed to take reasonable measures to ensure that the body of her deceased relative, Mary Kearney (decedent), was properly identified and disposed of for burial. Kearney alleges that after decedent's death on November 17, 1988, the body was released to the Philadelphia Medical Examiner. Defendant Louis Garzone allegedly assured Kearney that decedent's body would be picked up from the Medical Examiner and transported to the funeral home for cremation. Garzone also obtained from Kearney a standard release allowing cremation of the body.

On December 1, 1988, Kearney received a phone call from the Medical Examiner informing her that the release papers she had signed actually pertained to the release of an unknown individual's body, and that the body of Kearney's relative remained unclaimed at the Examiner's Office.

In September of 1989, Kearney filed suit against the City contending that the City's acts in failing to properly identify and release decedent's body were wanton, intentional, and reckless, causing both Patricia and Gregory Kearney to suffer mental anguish, nervous shock, shame, humiliation, and embarrassment.

The City filed a motion for judgment on the pleadings, contending that it was immune from suit under what is commonly referred to as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. §§ 8541–8542. Common Pleas granted the City's motion, ordering dismissal of Kearney's complaint against the City. Kearney appealed to the Superior Court, alleging that Common Pleas made errors of law. The City moved to transfer the appeal to this Court, because it involved a tort claim against the City. The Superior Court granted the motion and transferred Kearney's appeal to this Court. Kearney's appeal for review of Common Pleas' decision and order is now before this Court.

■ Our scope of review of a common pleas court's decision is limited to a determination of whether constitutional rights have been violated or whether the common pleas court abused

its discretion or committed errors of law. *Mann v. City of Philadelphia,* 128 Pa.Commonwealth Ct. 499, 563 A.2d 1284 (1989), *petition for allowance of appeal denied,* 525 Pa. 622, 577 A.2d 892 (1990).

In her complaint, Kearney alleged two separate claims against the City. The first claim alleged intentional infliction of emotional distress. The second asserted a common law cause of action for emotional distress caused by a defendant's intentional or wanton mistreatment of a corpse, articulated in Restatement of Torts § 868 (1939) and recognized by the Pennsylvania Supreme Court in *Papieves v. Kelly,* 437 Pa. 373, 263 A.2d 118 (1970). The City filed a motion for judgment on the pleadings contending that both of Kearney's claims were barred by the governmental immunity statute.

The Act, at 42 Pa.C.S. § 8541, provides a general grant of immunity to all local agencies for damages caused by acts of the agency or its employees. The Act, in 42 Pa.C.S. § 8542 also sets out the narrow exceptions to governmental immunity. For a claim to come within an exception to Section 8541, a claimant must satisfy both parts of a two-part test. First, claimant must meet both Section 8542(a)(1) and (a)(2) of the Act. Second, the claim must fall within one of the eight exceptions listed in Section 8542(b) of the Act.

Section 8542(a)(1) states essentially that the injury caused by the agency must be one that would be recoverable at common law or by statute if it were caused by one who does not have any governmental immunity. Since both of Kearney's claims are common law causes of action recognized in Pennsylvania, they satisfy this requirement. However, Section 8542(a)(2) mandates that the injury must be caused by *negligent acts* of the agency or its employees. This subsection expressly states that negligent acts "shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." Since both of Kearney's claims allege intentional, reckless or wanton action by the City, Section 8542(a)(2) would appear to preclude Kearney from overcoming the City's sovereign immunity defense.

■ Cognizant of this difficulty, Kearney's appeal makes three attempts to circumvent Section 8542(a)(2). First, Kearney simply recharacterizes her claim of intentional infliction of emotional distress, which does not meet Section 8542(a)(2), as one of negligent infliction of emotional distress, which would meet Section 8542(a)(2). However, this conflicts with the express wording of Kearney's amended complaint which alleges that the City's conduct "constitutes an intentional infliction of emotional distress." (See Kearney's Amended Complaint, paragraphs 17 and 28.) Kearney may not take liberty to amend her complaint upon appeal in order to enhance her appellate position. Accordingly, we must reject any consideration of a claim for negligent infliction of emotional distress.

Second, Kearney argues, with respect to the Restatement of Torts § 868 (1939) action, that her use of the word "wanton" in her complaint to describe the City's mistreatment of the corpse does not mean willful conduct but, instead, means a level of conduct greater than ordinary negligent conduct. Kearney further contends that the City's wanton conduct meets Section 8542(a)(2) if this Court interprets "negligent acts" to include gross negligence.

The case of *Steiner v. City of Pittsburgh,* 97 Pa. Commonwealth Ct. 440, 509 A.2d 1368 (1986), cited by the City, torpedoes this argument. In *Steiner,* this Court ruled that a complaint that sought damages for emotional harm caused by "wanton and reckless misconduct" did not meet Section 8542(a)(2), since the allegations were "couched in terms of willful and intentional conduct, rather than in negligence." *Id.* at 444, 509 A.2d at 1370.

■ Third, Kearney argues that Pennsylvania has adopted or should adopt Restatement (Second) of Torts § 868 (1977). Since 1970, when the Pennsylvania Supreme Court adopted Restatement of Torts § 868, as a cause of action in *Papieves,* Restatement (Second) of Torts has revised Section 868 to include the negligent mistreatment of a corpse. If the revision were adopted, Kearney might have a cause of action (negligent mistreatment of the decedent's body) that could meet both conditions of Section 8542(a)(1) and (a)(2) of the

Act. Kearney's arguments that Restatement of Torts 2d, Section 868 has been or should be adopted are meritless.

Kearney reasons that *Papieves* implicitly authorizes use of Restatement (Second) of Torts § 868, even though this section was not revised until seven years after *Papieves* was decided. While this argument is certainly creative, it has no support in precedent or logic. *Hackett v. United Airlines*, 364 Pa. Superior Ct. 612, 528 A.2d 971 (1987), *petition for allowance of appeal denied*, 518 Pa. 649, 544 A.2d 961 (1988), expressly rejected adoption of Restatement (Second) of Torts § 868 in a case factually similar to this one. Moreover, we agree with Common Pleas' rationale that only our Supreme Court could in essence overrule its own decision in *Papieves* and state that now Restatement (Second) of Torts § 868 is the law of Pennsylvania, rather than Restatement of Torts § 868. For these reasons, Kearney's argument for adoption of Restatement (Second) of Torts § 868 must fail.

Since all of Kearney's arguments pertaining to Section 8542(a)(2) are without merit, Kearney's claims are barred by the City's statutory immunity, and Common Pleas was correct in its decision to grant judgment on the pleadings for the City.

Moreover, even if we assume arguendo that Kearney has met the requirements of Section 8542(a), her claims do not fall into one of the eight exceptions to sovereign immunity set out in Section 8542(b). Kearney asserts that her claim falls within the personal property exception to Section 8542(b)(2).[2] In doing so, Kearney argues that Pennsylvania recognizes a personal property right for the next of kin in a dead body.

**2.** Section 8542(b)(2) reads in pertinent part:

(b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . . .

(2) **Care, custody or control of personal property.**—The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.

■ We defer resolving this unsettled issue, since it is rendered irrelevant by Section 8542(b)(2), which states: "The only losses for which damages shall be recoverable under this paragraph are *those property losses* suffered with respect to the personal property in the possession or control of the local agency." (Emphasis added.) Thus, regardless of whether this Court recognizes that the body of the decedent was Kearney's personal property, her claim would still fail to qualify as a cause of action under Section 8542(b) since she is alleging that the City's actions caused personal injuries rather than property loss.

Accordingly, we conclude that Common Pleas did not make any errors of law in allowing the City to assert governmental immunity as a defense to both claims raised by Kearney.

■ The only question unresolved at this point is whether Common Pleas abused its discretion by dismissing the case rather than giving Kearney leave to amend her complaint. On a motion for judgment on the pleadings, the right of a party to amend his pleadings rests within the sound judicial discretion of the trial court. *Bata v. Central–Penn National Bank,* 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied,* 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967).

■ The record and Common Pleas' opinion support the conclusion that Common Pleas acted within its discretion. The Honorable Albert W. Sheppard, Jr., had already granted Kearney one opportunity to amend her complaint against the City. He stated in his opinion that he did not believe that further amendment of the complaint could circumvent the City's Section 8541 immunity. We conclude, therefore, that Common Pleas did not abuse its discretion in refusing to grant Kearney leave to amend her complaint.

Based on the foregoing discussion, the decision of Common Pleas is affirmed.

## ORDER

AND NOW, this 16th day of September, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.