[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ISSUE
Should the plaintiff's appeal of the defendants' decision ordering the plaintiff not to deny school accommodations to Angela and Heather Bonti be sustained or dismissed?
Plaintiff's appeal should be dismissed.
FACTS
On May 22, 1991, Dr. John E. Onofrio, Superintendent of Schools of the Town of West Haven, notified Elaine Bonti by certified mail that he was aware that Elaine Bonti's children, Angela and Heather Bonti, reside with Elaine Bonti at 212 Fairfield Street, New Haven, and that because the Bonti children were not residents of West Haven, they were not eligible to attend the West Haven Schools without paying tuition. (Return of Record ("ROR" #1K). Dr. Onofrio's letter also informed Elaine Bonti that she was entitled to request a hearing on the matter from the plaintiff, West Haven Board of Education. (ROR #1K).
On June 14, 1991, Dr. Onofrio notified, via certified mail, Elaine Bonti and defendant Steven Bonti, the father of the children, that the plaintiff Board would hold a hearing on the CT Page 9371 matter on June 18, 1991. (ROR #'s 1G, 1J).
On June 18, 1991, a subcommittee of the plaintiff Board held a hearing on the matter. (ROR #1N, p. 1). The plaintiff's subcommittee found that "since the Bonti children reside in New Haven with their mother, Elaine Bonti, they are not bona fide residents of West Haven and are not entitled to be provided with free school accommodations in West Haven." (ROR #1N, p. 3).
On or about August 20, 1991, defendant Steven Bonti elected to waive the right to appeal the decision of the plaintiff's subcommittee to the plaintiff Board. (ROR #1A). Bonti instead elected to pursue a direct appeal to defendant State Board of Education's (hereinafter "State Board"), Impartial hearing Board.[1] (ROR #1A).
On August 20, 1991, defendant State Board's Impartial Hearing Board, consisting of David Biklen, heard the appeal of the plaintiff's decision. (ROR #2, p. 1; #4, p. 2). Defendant State Board found that defendant Steven Bonti resides in West Haven and that Elaine Bonti resides in New Haven. (ROR #2, p. 2). Defendant State Board found that the marriage of Elaine and Steven Bonti was dissolved by a judgment dated July 25, 1989, which provided for joint custody of the children, with physical custody in Elaine Bonti. (ROR #2, p. 2). The defendant State Board found that the judgment provided visitation for defendant Steven Bonti each Saturday and Sunday and on certain holidays; however, notwithstanding the judgment, the children generally reside with Elaine Bonti in New Haven four days per week and reside with defendant Steven Bonti in West Haven three days per week. (ROR #2, p. 2). The defendant State Board found that the children have their own bedrooms in defendant Steven Bonti's residence in West Haven, and that the children participate in recreational and educational activities in West Haven. (ROR #2, p. 2).
The defendant State Board reached the following conclusion of law: "The [West Haven] Board failed to prove by a preponderance of the evidence that the children are not residents of West Haven and, thus, the Board may not deny school accommodations to the children in West Haven public schools." (ROR #2, p. 3).
On October 3, 1991, the plaintiff filed a petition for reconsideration of the defendant State Board decision. On CT Page 9372 October 23, 1991, the defendant State Board denied the petition. On October 31, 1991, the plaintiff Board filed an appeal, and named the State Board, the Connecticut Department of Education and Steven Bonti as defendants. On November 1, 1991, the plaintiff Board filed what appear to be appeal papers identical to those filed on October 31, 1991. The plaintiff alleges that it is aggrieved by the defendant State Board's decision, because "the decision substantially affects and prejudices the rights of the Board since the Board is required to provide school accommodations to [non-residents]." (Amended Appeal, para. 13). The plaintiff also alleges:
 The Impartial Hearing Officer's decision should be reversed because it is (1) affected by error of law; (2) clearly erroneous in view of reliable, probative and substantial evidence on the whole record and (3) arbitrary and capricious and characterized by an abuse of discretion in that in his decision the Impartial Hearing Board: (1) never determined the actual residence of the children, yet determined that the West Haven Board of Education is required to provide school accommodations to them; (2) he determined that children from divorced homes where custody of the children is shared by both parents who reside in different school districts have more than one place of residence and will be eligible for school accommodations in either place of residence.
(Amended Appeal, para. 14).
On January 30, 1992 defendants State Board and the Connecticut Department of Education filed an answer. On February 13, 1992 defendant Steven Bonti filed an answer.
On February 27, 1992 the plaintiff filed a brief. On April 9, 1992 defendants State Board and the Connecticut Department of Education filed a brief. On April 15, 1992 the plaintiff filed a reply brief.
JURISDICTIONAL ISSUES
Appeals from decisions of administrative agencies exist only pursuant to statutory authority. Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163, 561 A.2d 931 (1989); Connecticut Bank Trust Co. v. Commission on Human Rights and CT Page 9373 Opportunities, 202 Conn. 150, 154, 520 A.2d 186 (1987). There must be strict adherence to statutory provisions when taking an appeal of a decision of an administrative agency. Board of Education of the Town of Fairfield v. Department of Education,198 Conn. 445, 454, 503 A.2d 1147 (1986); Tarnopol v. Connecticut Siting Council, supra, 164. Statutes governing appeals from decisions of administrative agencies are jurisdictional in nature, hence a plaintiff's failure to comply with these statutes renders the appeal subject to dismissal for lack of jurisdiction. Id., 163.
I. Aggrievement
"Any . . . local or regional board of education aggrieved by the finding of the hearing board established by the state board of education . . . may appeal therefrom in accordance with the provisions of section 4-183 . . . ." General Statutes10-187. "A person . . . who is aggrieved by a final decision may appeal to the superior court . . . ." General Statutes4-183. The fundamental test for determining aggrievement encompasses a twofold determination: "first, one must demonstrate a specific, personal and legal interest in the subject matter of the decision. Second, the party claiming aggrievement must establish that the personal and legal interest has been specially and adversely affected by the decision." Board of Education of the City of New Britain v. State Board of Education. 39 Conn. Sup. 443, 446-47, 466 A.2d 343 (App. Sess., 1983); Board of Education of the City of New Britain v. State Board of Education, supra, 715-16; Bozrah Board of Education v. State Board of Education, 6 CTLR 255-256 (April 2, 1992, Hendel, J.). In the present case, the defendant State Board found the plaintiff to be responsible to provide school accommodations to the Bonti children. Accordingly, the plaintiff is found to be aggrieved by the defendant State Board's decision.
II. Timeliness
"Within forty-five days after mailing of the final decision . . a person appealing . . . shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court . . . for the judicial district wherein the person appealing resides . . . ." General Statutes 4-183(c). In addition, "[t]he person appealing, not later than fifteen days after filing the appeal, CT Page 9374 shall file . . . with the clerk of the court an affidavit, or sheriff's return, stating the date and manner in which a copy of the appeal was served on each party and on the agency that rendered the final decision . . . ." General Statutes4-183(d).
In the present case, the defendant State Board's decision is dated September 17, 1991. The defendants were served on October 31, 1992. (Affidavit, para. 3).
The plaintiff is located within the New Haven Judicial District. (ROR #'s 1G, 1J). The appeal was filed with the clerk of the New Haven Superior Court on October 31, 1991. (Plaintiff's Appeal).
The plaintiff filed its affidavit on November 13, 1991. (Affidavit).
Accordingly, the plaintiff's appeal is found to be timely.
DISCUSSION
Scope of Review
General Statutes 4-183(j) provides the applicable standard of review:
 The court shall not substitute its judgment for that of the agency as to the fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"`With regard to questions of fact, it is neither the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency.'" CT Page 9375 Connecticut Light power v. DPUC, 219 Conn. 51, 57,591 A.2d 1231 (1991). The court is "limited to determining whether the agency's findings are supported by substantial and competent evidence and whether the agency's decision exceeds its statutory authority or constitutes an abuse of discretion." State v. Commission on Human Rights and Opportunities, 211 Conn. 464,477, 559 A.2d 1120 (1989). "`Substantial evidence' exists if the administrative record demonstrates a substantial basis of fact from which the fact in issue can be reasonably inferred." Connecticut Light Power v. DPUC, supra. If the agency's decision "is reasonably supported by the evidence it must be sustained." Demma v. Commissioner of Motor Vehicles, 165 Conn. 15,17, 327 A.2d 569 (1973).
"`Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion.'" Connecticut Light Power v. DPUC, supra, 57-48 citing Griffin Hospital v. Commission on Hospitals 
Health Care, 200 Conn. 489, 496, 512 A.2d 199 (1986). "`The interpretation of statutes presents a question of law.'" Connecticut Humane Society v. Freedom of Information Committee,218 Conn. 757, 761, 591 A.2d 395 (1991). "`Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the court; . . . it is for the courts, and not for administrative agencies to expound and apply governing principles of law.'" Id., 762. While courts ordinarily accord deference to an agency's interpretation of statutes which the agency is charged with enforcing, the agency's interpretation is only persuasive, not dispositive. University of Connecticut v. Freedom of Information Commission,217 Conn. 322, 328, 585 A.2d 690 (1991). An agency's interpretation of statute is not entitled to special deference where "the statute has not previously been subjected to judicial scrutiny or time-tested agency interpretations." New Haven v. Freedom of Information Commission, 205 Conn. 767, 773-74,535 A.2d 1297 (1988).
II. Analysis of Claims
The plaintiff first argues that General Statutes 10-253(d) establishes that where a child resides with relatives, and the relatives, the child, and/or the child's parents intend that the residence is to be permanent, the child shall be entitled to CT Page 9376 free school privileges. The plaintiff argues that Town of Madison v. Connecticut State Board of Education, Docket Number 110686 (Court of Common Pleas, New Haven) unreported, November 18, 1977 and Department of Education Circular Letter C-13 establish several factors which must be considered in order to determine permanent residence; these factors include: place where the student's family lives, location where the student stays when school is not in session, age and emancipation status of the student, the purposes for which the student has come to the school district, location where the majority of the student's clothing and personal possessions are located, the number of days the student resides in the school district. Plaintiff argues that "the hearing officer did not apply the factors . . . to the evidence presented when he reached his decision that the Bonti children are entitled to free school accommodations in West Haven and his decision is erroneous." (Plaintiff's Brief, p. 14).
The defendant State Board argues that it did consider some of the factors of Circular Letter C-13 in reaching its residency determination, and that its determination was not arbitrary, capricious, an abuse of discretion or clearly erroneous.
In relevant part, General Statutes 10-253(d) states: "Children residing with relatives or nonrelatives, when it is the intention of such relatives or nonrelatives and of the children or their parents or guardians that such residence is to be permanent, provided without pay and not for the sole purpose of obtaining school accommodations . . . shall be entitled to all free school privileges accorded to resident children of the school district in which they then reside."
The plaintiff and the defendant State Board have both submitted copies of Capitani v. Fairfield Board of Education, Decision of Impartial Hearing Board, State Department of Education, Case Number 83-7 (February 29, 1984). In Capitani, two minors resided with nonrelative residents of the Town of Fairfield in order that the minors might continue their training in a Stamford gymnastics school. Neither the minors, the parents, nor the nonrelative residents intended that the minors' residence in Fairfield would be permanent. Hence, the Impartial Hearing Board upheld the decision of the Fairfield Board of Education that the minors were not entitled to free school privileges pursuant to General Statutes 10-253(d).
CT Page 9377 No Connecticut case authorities directly address the issues of the present case.
Pursuant to the holdings of State v. Commission on Human Rights and Opportunities, supra, the court should determine whether the defendant State Board's decision that the local Board failed to sustain its burden of proving that the Bonti children are ineligible for school accommodations in West Haven is reasonably supported by substantial evidence. General Statutes 10-186(b)(1) provides that the "party claiming ineligibility for school accommodations shall have the burden of proving such ineligibility by a preponderance of the evidence."
At the hearing held by the defendant State Board, defendant Steven Bonti testified that the Bonti children reside with him at his West Haven residence on Saturdays and Sundays, on most Thursday evenings and on occasional Friday evenings. (ROR #4, pp. 47-50). Defendant Bonti also testified that the Bonti children have their own bedrooms in his West Haven residence. (ROR #4, p. 53). Defendant Bonti also testified:
 [The Bonti children] started out in West Haven schools. They have their roots here. They were . . raised here . . . . [The Bonti children] play soccer in West Haven. They're a member [sic] of Daisies and Brownies in West Haven. All their friends are in West Haven.
(ROR #4, p. 58).
Defendant Bonti also testified that the Bonti children reside at his West Haven residence on most holidays. (ROR #4, p. 59).
Based on the above testimony, the defendant State Board's decision is found to be supported by substantial evidence, and therefore should be sustained.
With regard to the plaintiff's argument that the defendant State Board did not apply the factors established by Town of Madison v. Connecticut State Board of Education and Department of Education Circular Letter C-13 to the evidence presented in the present case, the defendant State Board was not required to apply these factors. Unreported decisions by state trial courts do not bind other state trial courts or other tribunals. CT Page 9378 Connecticut State Fed. of Teachers v. Board of Ed. Members,538 F.2d 471, 485 (2nd Cir., 1976). Circular Letter C-13 states that the factors which it establishes "are guidelines only . . . . they are not required by law to be followed . . ."
Capitani v. Fairfield Board of Education, supra, is distinguishable. In Capitani, none of the parties intended that the minors' residence was to be permanent. In the present case, the record provides no evidence that the Bonti children's residence arrangement is not intended to be permanent: that is, there was no testimony that the parties intend that the children will not continue to reside in West Haven in the future.
The plaintiff's second argument is that the defendant State Board's decision is affected by error of law, because this defendant determined that "[b]ecause the Board failed to establish that the children are not residents of West Haven it is not necessary to determine the actual place of residence of the children" and that "[i]n circumstances such as these, where custody of children is shared by divorced parents who live in different school districts within the state . . . a child might well have more than one place of residence and be eligible for school accommodations [sic] in either place of residence." The plaintiff argues that these determinations are contrary to General Statutes 10-220, which requires local boards of education to make provisions that will enable each child, "residing in the district," to attend school. In support of its argument, plaintiff cites Mathias v. Richland School District,592 A.2d 811 (Pa.Cmwlth. 1991). The court in Mathias held:
 [A] person can have only one domicile or principal residence. . . . Upon the separation or divorce of the parents, a child acquires the domicile of the parent with whom he resides or to whom custody of the child has been given . . . . It is also a general rule that a minor has the same residence and domicile as the parent with whom he lives.
Id., 812.
The defendant State Board argues that the plaintiff failed to establish that the Bonti children are not West Haven residents as it is required to do pursuant to General Statutes10-186(b)(1); therefore, the plaintiff cannot deny free school privileges to the Bonti children, and the defendant State CT Page 9379 Board's decision is not arbitrary, capricious, an abuse of discretion or clearly erroneous.
In relevant part, General Statutes 10-220(a) states: "Each local or regional board of education . . . shall make such provisions as will enable each child of school age, residing in the district to attend some public day school for the period required by law . . . ."
No Connecticut case authorities have addressed the issue of whether General Statutes 10-220(a) establishes that schools are for the exclusive use of full-time residents.
 [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. If, however, the language is unclear, . . . we must ascertain the intent of the legislature by examining the language of the statute, its legislative history and the purpose the statute is to serve.
(Citations omitted.) American Universal Ins. Co. v. DelGreco,205 Conn. 178, 193, 530 A.2d 171 (1987).
"Statutes should be construed so that no part of a legislative enactment is to be treated as insignificant and unnecessary . . . ." 84 Century Limited Partnership v. Board of Tax Review, 207 Conn. 250 263, 541 A.2d 478 (1988).
The issues presented cannot be resolved by applying the words of 10-220(a), because the statute does not unambiguously state that non-full-time residents are to be excluded from the use of town schools.
A review of the history of general Statutes 10-220(a) shows the part of the statute relied upon by the plaintiff was first enacted pursuant to Chapter 196, 4 of the Public Acts of 1909, "an Act concerning Town Management of Public Schools." Pursuant to the holding of 84 Century Limited Partnership v. Board of Tax Review, supra, review of the entire legislative enactment aids in the construction of the statute. Review of the legislative enactment shows that the purpose of the statute was to institute town management of schools and to abolish the previous system of CT Page 9380 district management of schools. See 1 of Chapter 146 of the Public Acts of 1909: "Every town in this state shall . . . assume and maintain the control of all the public schools within its limits, and for this purpose every town shall be a school district, and shall have all the powers and duties of school districts . . . ."
In light of the legislative history and purpose, the legislature's intent in enacting statutory wording relied upon by the plaintiff was to transfer the duty to make provisions for school accommodations from the school district to the local board of education. The legislature did not intend to exclude non-full-time residents from the use of town schools.
In addition, "[i]t is a well-settled principle of construction that specific terms [of a statute] covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." Meriden v. Board of Tax Review, 161 Conn. 396,401-02, 288 A.2d 435 (1971); Charlton Press, Inc. v. Sullivan,153 Conn. 103, 110, 214 A.2d 354 (1965). Accordingly, General Statute 10-253(d), which specifically address the entitlement of children residing with relatives to free school privileges, prevails over the more general language of General Statutes 19-220(a). Hence, the court should not sustain the plaintiff's appeal based upon the plaintiff's argument that the defendant State Board's decision is contrary to General Statutes10-220(a).
Mathias v. Richland School District, supra, does not compel the court to sustain the appeal. Courts are not required to consider decisions reached by other jurisdictions. Robert C. Buell Co. v. Danaher, 127 Conn. 606, 613, 18 A.2d 697 (1941). Hence, the court need not follow the holding of Mathias.
CONCLUSION
Plaintiff's appeal should be dismissed. The agency's decision is reasonably supported by substantial evidence and is not affected by error of law.
Steinberg, J.