Theodore ZERNHELT and Gloria Zernhelt, as Parents and Natural Guardians of David Zernhelt; and Theodore and Gloria Zernhelt, Individually, Appellants,

v.

## LEHIGH COUNTY OFFICE OF CHILDREN AND YOUTH SERVICES.

Commonwealth Court of Pennsylvania.

Argued April 3, 1995.
Decided May 18, 1995.

Edward P. Shaughnessy, for appellants.

Emil W. Kantra II, Asst. County Sol., for Lehigh County Office of CYS.

Before COLINS, President Judge, DOYLE, Judge (P.), and NARICK, Senior Judge.

COLINS, President Judge.

Theodore and Gloria Zernhelt, as Parents and Natural Guardians of David Zernhelt (David), and Theodore and Gloria Zernhelt, Individually (Appellants), appeal from an order of the Court of Common Pleas of Lehigh County (Common Pleas) granting a motion for judgment on the pleadings filed by the Lehigh County Office of Children and Youth Services (CYS).

The record indicates that in 1974, Appellants sought the services of CYS to adopt a child. After what Appellants aver were "extensive consultations," CYS recommended they adopt a young boy named David and provided Appellants with a one-page report stating that David's biological father and mother were both "in good health." Sometime after the adoption, David exhibited serious behavioral problems that, on May 16,

1990, culminated in his setting Appellants' home on fire.

Subsequently, David underwent intensive psychological counseling that included a thorough review by physicians of his biological parents' medical history. It was discovered that the CYS files on David contained information that both his biological parents had a history of mental illness.

On April 11, 1991, Appellants filed a complaint against CYS alleging fraud and negligent infliction of emotional distress for CYS's failure to inform Appellants about the mental illness of David's natural parents, along with indications of their alleged drug abuse and alcoholism. After filing preliminary objections to Appellants' complaint that were denied, CYS, on January 11, 1993, filed an answer and new matter, to which Appellants filed a reply on January 21, 1993. Subsequently, on May 4, 1994, CYS filed a motion for judgment on the pleadings, which Common Pleas granted by order dated August 25, 1994. This appeal followed.

■ Our scope of review over a grant or denial of judgment on the pleadings is limited to determining whether there has been an error of law or an abuse of discretion. *Mathias v. Richland School District,* 140 Pa.Commonwealth Ct. 298, 592 A.2d 811 (1991). "Judgment on the pleadings can only be granted in cases where, based upon the pleadings alone and any documents properly attached to them, there exist no material issues of fact to be resolved by the court and to proceed to trial would create a fruitless endeavor." *Commonwealth v. Riverview Leasing, Inc.,* 167 Pa.Commonwealth Ct. 32, 37–38, 648 A.2d 580, 582 (1994). We find, upon review, that such is the case in the present matter, in which no outstanding material issues of fact remain to be resolved and wherein Common Pleas properly granted CYS's motion for judgment on the pleadings.

■ The crux of Appellants' argument is their reliance on the result reached by our Supreme Court in *Gibbs v. Ernst,* 538 Pa. 193, 647 A.2d 882 (1994), which they contend establishes their right as adoptive parents to bring an action for "wrongful adoption" against CYS based upon fraud, because of

CYS's alleged misrepresentations about the health background of David's biological parents. In this regard, Appellants contend that the defense of official immunity asserted by CYS is inapplicable where actions of local agency employees, as in the present case, constitute, fraud, malice, or willful misconduct. We cannot agree.

It is well established that "[s]ubsection 8542(a)(2) of the Judicial Code, 42 Pa.C.S. § 8542(a)(2) declares that liability may be imposed on a local agency only for *negligent acts* which subsection 8542(a)(2) defines as excluding 'acts or conduct which constitutes a crime, actual fraud, actual malice or *willful misconduct.*'" *City of Philadelphia v. Glim,* 149 Pa.Commonwealth Ct. 491, 498–499, 613 A.2d 613, 617 (1992) (footnote omitted) (emphasis in original). Applying this rationale, Appellants' action against the county agency for fraud, malice and willful misconduct is barred. Additionally, "Section 8550, 42 Pa. C.S. § 8550, does not create an exception to Section 8542 and as a result, does not permit the imposition of liability on a local agency for the willful misconduct of its employees." *Petula v. Mellody,* 158 Pa.Commonwealth Ct. 212, 217, 631 A.2d 762, 765 (1993).

■ Further, we find that Count II of Appellants' complaint alleging negligent infliction of emotional distress must also fail. First, we agree with CYS that although titled "negligent infliction of emotional distress," Count II of Appellants' complaint actually contains certain allegations of intentional wrongdoing. A somewhat comparable situation arose in *Kearney v. City of Philadelphia,* 150 Pa.Commonwealth Ct. 517, 616 A.2d 72 (1992), *petition for allowance of appeal denied,* 534 Pa. 643, 626 A.2d 1160 (1993), in which appellant Kearney tried to hurdle the governmental immunity defense of Section 8542(a)(2) by recharacterizing, on appeal, "her claim of intentional infliction of emotional distress, which does not meet Section 8542(a)(2), as one of negligent infliction of emotional distress, which would meet Section 8542(a)(2)." *Id.* at 522, 616 A.2d at 74. Noting that this reclassification conflicted with the express wording of Kearney's amended complaint, this Court held that "Kearney may not take liberty to amend her

complaint upon appeal in order to enhance her appellate position. Accordingly, we must reject any consideration of a claim for negligent infliction of emotional distress." *Id.* at 522, 616 A.2d at 74.

■ Similarly, in the present case, Appellants attempted to overcome the immunity defense by recharacterizing the allegations in Count II of their complaint as constituting negligence rather than an intentional tort. As in *Kearney*, this must be rejected, and we additionally note that whatever actual negligence allegations are asserted in Appellants' complaint fail to fall within any of the eight exceptions to local agency immunity set forth in Section 8542(b), 42 Pa.C.S. § 8542(b).[1]

Finally, in rebutting Appellants' argument, CYS bases its averment of immunity on the fact that *Gibbs v. Ernst* is silent on the issue of immunity as a viable defense for a county adoption agency. We must concur with CYS' position that a holding cannot be inferred solely because the local government agency was a party defendant in *Gibbs v. Ernst*. Notwithstanding the tragic consequences for the adoptive parents in the present case, absent a specific statement by our Supreme Court in *Gibbs v. Ernst* precluding a government adoption agency from invoking the immunity defense, we cannot, from dicta, infer otherwise.

Based on the foregoing discussion, the decision of Common Pleas is affirmed.

### *ORDER*

AND NOW, this 18th day of May, 1995, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.

---

1. In summary, the governmental immunity exceptions set forth in 42 Pa.C.S. § 8542(b) cover: operation of motor vehicles in the possession or control of the local agency; care, custody or control of personal property of others in the possession or control of the local agency; a dangerous condition of trees, traffic signs, lights, traffic controls, street lights under the care, custody or control of the local agency; a dangerous condition of the steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of way; a dangerous condition of streets owned by the local agency or of streets owned under the jurisdiction of a Commonwealth agency if the local agency has a written maintenance and repair contract with the Commonwealth agency; a dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, and the care, custody or control of animals in the possession or control of a local agency.