Denise M. Marusco **GODFREY**
and Byron J. Godfrey, h/w
Plaintiffs,

v.

**UPLAND BOROUGH**, Delaware County Regional Water Control Authority, and Catania Engineering Associates, Inc. Defendants.

No. CIV. A. 15–6477.

United States District Court,
E.D. Pennsylvania.

Signed Sept. 13, 2016.

an employer previously discriminated the    plaintiff).

J. Michael Considine, Jr., J. Michael Considine Jr. PC, Philadelphia, PA, for Plaintiffs.

James B. Halligan, III, Law Offices of James B. Halligan III, PLLC, Robert P. Didomenicis, Holsten & Associates, Kelly C. Hayes, McNichol Byrne & Matlawski, Media, PA, Richard J. Davies, Cory P. Taylor, Drew M. Rothman, Powell Tractman Logan Carrle Bowman & Lombardo, PC, King of Prussia, PA, for Defendants.

## ORDER

CYNTHIA M. RUFE, Judge.

Before the Court are Plaintiffs' Motion for Leave to File a Second Amended Complaint, and Defendants' Motions to Dismiss. For the reasons that follow, the motions are granted in part and denied in part.

### I. BACKGROUND

Plaintiffs Denise M. Marusco Godfrey and Byron J. Godfrey allege that Defendants Catania Engineering Associates, Inc. ("Catania"), Delaware County Regional Water Control Authority ("DELCORA"), and Upland Borough ("Upland") conspired to obtain an illegal easement and install water control infrastructure on Plaintiffs' property, causing severe damage to the premises.[1] Plaintiffs also allege that Defendants engaged in fraud to conceal the cause of the damage, and retaliated against Plaintiffs when Plaintiffs discovered the easement and sought redress.[2] Plaintiffs bring five claims based on these allegations: (1) First Amendment retaliation against Upland;[3] (2) fraud against all

---

1. *See* Doc. 20–1 at ¶¶ 11–13, 22, 23, 29, 38, 76 (Second Amended Complaint).

2. *See id.* at ¶¶ 77–94.

3. It is not entirely clear whether Plaintiffs intended to bring First Amendment retaliation

claims against Catania and DELCORA as well as Upland, *see* Doc. 20–1 at ¶ 84 (mentioning only Upland but seeking a judgment "against Defendants" for First Amendment retaliation), and Catania and DELCORA do not address this claim in their briefs. To the extent

Defendants; (3) malicious prosecution against Upland; (4) violation of the Fourteenth Amendment's Due Process Clause against all Defendants; and (5) a citizen suit under the Clean Water Act ("CWA") against DELCORA.[4]

Plaintiffs first filed suit on December 7, 2015, bringing claims for First Amendment retaliation, fraud, and malicious prosecution.[5] This Complaint was apparently never served on any Defendant. Instead, Plaintiffs filed an Amended Complaint on January 28, 2016.[6] Defendants all moved separately to dismiss the Complaint.[7] Before those motions were resolved, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint on April 26, 2016, seeking leave to add claims for violations of Due Process rights under the Fourteenth Amendment, and a claim under the CWA.[8] All Defendants opposed the motion.[9]

Defendants incorporated their previous Motions to Dismiss Plaintiffs' Amended Complaint into their Responses to Plaintiffs' Motion for Leave to File a Second Amended Complaint either expressly or by reference.[10] Because the standards for evaluating motions to dismiss under Rule 12(b)(6) and whether amendment would be

futile under Rule 15(a) are essentially the same, the Court discusses both sets of motions together.[11]

## II. Motions to Dismiss Under Rule 12(b)(1)

■ All Defendants move to dismiss under Rule 12(b)(1), arguing that the Court lacks jurisdiction over Plaintiffs' fraud claim.[12] However, Plaintiffs' fraud claim arises out of the same common nucleus of operative facts as their federal law claims—Defendants' alleged conspiracy to install, maintain, and cover up unlawful water control infrastructure—and supplemental federal jurisdiction is therefore appropriate.[13]

## III. Motions to Dismiss Under Rules 12(b)(4) and 12(b)(5)

■ All Defendants move to dismiss under Rules 12(b)(4) and 12(b)(5), arguing that they received insufficient process and service of process. While Plaintiffs never served the original Complaint on any Defendant, they served the Amended Complaint, filed January 28, 2016, on all Defendants. The Court need not resolve whether service of the Amended Complaint was proper; instead, to ensure that

---

Plaintiffs intend to bring such a claim against Catania and DELCORA, they must make this clear in any future amendment.

4. *See id.* at ¶¶ 77–173.

5. Doc. 1 (Original Complaint).

6. Doc. 2 (Amended Complaint).

7. Doc. 4 (DELCORA); Doc. 5 (Upland): Doc. 15 (Catania).

8. Doc. 20.

9. Doc. 22 (Catania); Doc. 23 (Upland); Doc. 25 (DELCORA).

10. Doc. 22 at 1–7 (Catania); Doc. 23–1 at 2 (Upland); Doc. 25 at 2 (DELCORA).

11. *See Travelers Indem. Co. v. Dammann & Co., Inc.,* 594 F.3d 238, 243 (3d Cir.2010) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997)).

12. Doc. 4–1 at 5–7 (DELCORA's Motion to Dismiss); Doc. 5–1 at 6–7 (Upland's Motion to Dismiss); Doc. 15–1 at 2–5 (Catania's Motion to Dismiss).

13. *E.g., In re Prudential Ins. Co. Am. Sales Practice Lit. Agent Actions,* 148 F.3d 283, 303 (3d Cir.1998) (finding jurisdiction over state law claims appropriate where related federal claims arose out of a common scheme to defraud).

there is no question of proper service, the Court will direct Plaintiffs to serve both the original and the Second Amended Complaint upon Defendants unless Defendants agree to waive service.[14]

## IV. STATUTE OF LIMITATIONS AND STATUTE OF REPOSE

■■■ Catania and Upland move to dismiss Plaintiffs' fraud claim,[15] and DELCORA and Upland argue that Plaintiffs' Motion to Amend their Complaint to add a Due Process claim is futile,[16] because such claims are barred by Pennsylvania's two-year statute of limitations.[17] Defendants argue that the statute of limitations began to run on December 5, 2013, when Plaintiffs allege that they discovered the easement on their property.[18] December 5, 2015—two years from that date—fell on a Saturday, and Plaintiffs thus satisfied the applicable two-year statute of limitations by filing suit on the next business day, Monday, December 7, 2015.[19] Plaintiffs' Due Process claim also is not time-barred because it arises out of the same set of occurrences set out in Plaintiffs' original Complaint, and therefore relates back to Plaintiffs' original, timely Complaint.[20]

Catania also argues that Plaintiffs' fraud claim is barred by Pennsylvania's statute of repose.[21] However, that statute applies only to claims "against any person lawfully performing or furnishing" certain improvements to real property.[22] Here, because Plaintiffs allege that the infrastructure on their property was predicated on a fraudulent easement, and thus was not "lawfully" constructed, the statute of repose does not require dismissal of Plaintiffs' claim.[23]

## V. REMAINING ARGUMENTS UNDER RULE 12(B)(6)

■■■ Defendants' other arguments under Rule 12(b)(6) as to why Plaintiffs have failed to plead their causes of action are largely unpersuasive. Plaintiffs adequately plead a claim for First Amendment retaliation against Upland by alleging that Upland forced them to defend against a meritless citation in retaliation for statements made at a public meeting concerning the damage to their property.[24] Similarly, Plaintiffs adequate-

---

14. *See Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir.1992) ("[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service.") (citations omitted); *see also generally W. Run Student Hous. Assocs. v. Huntington Nat'l Bank,* 712 F.3d 165, 171 (3d Cir.2013) ("[T]he amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.") (citations and internal quotation marks omitted).

15. Doc. 5–1 at 8; Doc. 15 at 13–15 (Catania).

16. Doc. 25 at 8–9 (DELCORA's Response to Plaintiffs' Motion for Leave to File Second Amended Complaint); Doc. 23–1 at 3 (Upland's Response to Plaintiffs' Motion for Leave to File Second Amended Complaint).

17. 42 Pa. Stat. and Consol. Stat. Ann. § 5524(7) (West).

18. *See* Doc. 5–1 at 8 (Upland); Doc. 15–1 at 15 (Catania); Doc. 25 at 9 (DELCORA).

19. *See* Fed.R.Civ.P. 6.

20. *See* Fed.R.Civ.P. 15(c)(1)(B).

21. Doc. 15–1 at 11–13 (citing 42 Pa. Stat. and Consol. Stat. Ann. § 5536 (West)).

22. 42 Pa. Stat. and Consol. Stat. Ann. § 5536 (West).

23. *See, e.g.,* Doc. 20–1 at ¶¶ 11–13 (Second Amended Complaint); *see also generally Fleck v. KDI Sylvan Pools, Inc.,* 981 F.2d 107, 115 (3d Cir.1992) (statute only immunizes from liability persons "lawfully performing or furnishing the activities listed").

24. *See* Doc. 20–1 at ¶¶ 34–45, 77–84.

ly allege that Catania and DELCORA participated in a conspiracy to defraud Plaintiffs, and sufficiently identify the particulars of the scheme—including specific false statements, the individuals who made them, and the dates they were made—to satisfy Rule 9(b).[25] On the other hand, Plaintiffs' claims for fraud and malicious prosecution will be dismissed without prejudice against Upland because, as a municipality, Upland may not be held liable for intentional torts.[26]

The Court also concludes that Plaintiffs' Second Amended Complaint states a Due Process claim against all Defendants. Plaintiffs allege that Defendants conspired under color of state law to procure an illegal easement on Plaintiffs' property, which allowed Defendants to drain municipal sewage and storm water onto Plaintiffs' property for more than 20 years, destroying its value and resulting in its condemnation without a hearing or court order.[27] Catania argues that it does not qualify as a "state actor" and therefore cannot be held liable under § 1983.[28] However, Plaintiffs allege that Catania acted as an agent for DELCORA,[29] participated in a scheme with DELCORA and Upland to deprive Plaintiffs of their property,[30] and was referred business as a result.[31] That is sufficient to state a claim.[32] The Court therefore grants Plaintiffs leave to amend their Complaint to add a Due Process claim against all Defendants.[33]

Plaintiffs' proposed claim under the CWA, however, is barred by the November 15, 2015 consent decree between DELCORA, the United States Environmental Protection Agency, and the Pennsylvania Department of Environmental Protection.[34] "[W]hen a state or federal agency diligently prosecutes an underlying action in court, the [CWA's] diligent

---

**25.** *See* Fed.R.Civ.P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also* Doc. 20–1 at ¶¶ 10–12, 60, 67, 69, 72, 74–76, 86–94.

**26.** *See* 42 Pa. Stat. and Consol. Stat. Ann. § 8542(a)(2); *see also Zernhelt v. Lehigh Cty. Office of Children and Youth Servs.*, 659 A.2d 89, 90 (Pa.Commw.Ct.1995). The Court notes that this argument was raised for the first time in Upland's reply brief, has not been fully briefed by the parties, and that the same or similar causes of action may be available against individual officers or employees of Upland Borough. Dismissal is thus without prejudice, and Plaintiffs are encouraged to address this issue in any subsequent amendment or briefing.

**27.** *See* Doc. 20–1 at ¶¶ 13, 56, 100–02.

**28.** Doc. 22 at 2–3. Private conduct may only violate the Fourteenth Amendment where that conduct "may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001).

**29.** Doc. 20–1 at ¶ 12.

**30.** *Id.* at ¶¶ 100–02.

**31.** *Id.* at ¶¶ 75–76.

**32.** *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (explaining that a private party acting as a "willful participant in joint activity with the State or its agents" may be held liable under § 1983); *see also Zenquis v. City of Phila.*, 861 F.Supp.2d 522, 528–29 (E.D.Pa. 2012) (denying motion to dismiss § 1983 claim where plaintiff alleged that private individuals conspired with state actors to deprive plaintiff of his rights).

**33.** DELCORA argues briefly that Plaintiffs lack standing to pursue claims concerning the allegedly unlawful easement because "Plaintiffs were not a party" to the easement. Doc. 4–1 at 11, Doc. 25 at 9–10. However, Plaintiffs allege that the procurement of the unlawful easement, combined with Defendants' efforts to prevent Plaintiffs from discovering the easement, destroyed the value of their property, which is sufficient for standing. *E.g., Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**34.** *See* Doc. 20–3.

prosecution bar will prohibit citizen suits during the actual litigation as well as after the litigation has been terminated by a final judgment, consent decree, or consent order and agreement." [35] Plaintiffs acknowledge that the consent decree concerns "violations relevant to this matter" [36] and that the consent decree is "much broader" than the relief sought by Plaintiffs.[37] Because Plaintiffs do not allege that the violations alleged fall outside the scope of the government's investigation, the consent decree precludes Plaintiffs' claim. Accordingly, amendment to add such a claim would be futile absent additional allegations showing why the consent decree was not the result of a diligent prosecution or otherwise does not address the harm alleged by Plaintiffs.

**AND NOW** this 13th day of September 2016, upon consideration of the pending motions and responses, and for the reasons explained above, it is hereby **ORDERED** that Plaintiffs' Motion to Amend (Doc. 20) and Defendants' Motions to Dismiss (Docs. 4, 5, and 15) are **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiffs' fraud and malicious prosecution claims against Upland are dismissed without prejudice.

2. Plaintiffs may proceed with their fraud claim against Catania and DELCORA, and with their First Amendment retaliation claim against Upland.

3. Plaintiffs' Motion for Leave to File a Second Amended Complaint is granted as to Plaintiffs' Due Process claim.

4. Plaintiffs' Motion for Leave to File a Second Amended Complaint to add a CWA claim against DELCORA is denied without prejudice.

5. Plaintiffs will file a Second Amended Complaint within 21 days that complies with this Order.

6. If Defendants will not waive service, Plaintiffs shall timely serve both the original Complaint and summons, and the Second Amended Complaint, on Defendants, and Defendants shall be responsible for any reasonable fees incurred by Plaintiffs in effectuating service upon Defendants pursuant to Fed.R.Civ.P. 4(d)(2).

It is so **ORDERED.**

---

**35.** *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.,* 810 F.3d 116, 128, 132 (3d Cir. 2016); *see also U.S. EPA v. City of Green Forest, Ark.,* 921 F.2d 1394, 1404 (8th Cir. 1990) (holding that citizen suit commenced prior to the entry of a consent decree was barred by res judicata).

**36.** Doc. 20–1 ¶ 173.

**37.** Doc. 29 at 4 (Plaintiffs' Reply in Response to DELCORA's Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint).